McCabe *et al., vs.* Ward.

(Decided July 9th, 1862.)

---

MICHAEL MCCABE and others, *vs.* THOMAS WARD.

In proceedings on mortgages under the Act of 1826, ch. 192, the jurisdiction does *not attach until* the preliminary requisites of the Act, and filing a bond in compliance with its provisions, *have been strictly gratified.*

A bond under this Act, conditioned to abide by and fulfil any order or decree which should be made by *Baltimore county court,* is a *nullity,* that court being *no longer in existence,* and the jurisdiction of the Circuit court for Baltimore county did not *attach* under such a bond, and its subsequent proceedings, in ratifying the sale, are *coram non judice* and void.

McCabe, *et al., vs.* Ward.

APPEAL from the Circuit Court for Baltimore County.

Appeal from an order of the court below (PRICE, J.) ratifying a sale of mortgaged real property, upon proceedings instituted by the appellee, November 18th, 1859, and alleged to be under the Act of 1826, ch. 192. The mortgage of real estate situated in that county, was executed by the appellants June 18th, 1855, to John F. Shipley, who assigned it to the appellee, who gave a power of attorney to R. R. Boarman, Esq., intending to vest in him authority to sell the mortgaged property. Many objections were raised to the regularity of the proceedings, but as the case was decided by this court solely upon the insufficiency of the attorney's bond, (which is sufficiently set forth in the opinion of this court,) no further statement of the case is necessary, nor will the arguments upon other points be stated.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Chas. F. Mayer,* for the appellants:—Proceedings under the Act of 1826, ch. 192, are in derogation of the usual course of equity procedure, and to vest jurisdiction under that Act, which departs from the course instituted by common right, to justify and precede a judicial divestiture of property, all the requirements of the law, preliminary to the vesting of jurisdiction, must be strictly, rigidly and exactly complied with. The bond to be given by the attorney, is *one* of *such* requirements. The bond here is a *nullity,* for, by its condition, it binds the attorney to fulfil the orders of *"Baltimore County Court;"* a court then *no longer in existence.* Such a bond is no valid indemnity to the parties interested in the sale. The case of *Tucker vs. The State,* 11 *Md. Rep.,* 322, is conclusive upon this point.

*A. W. Machen,* for the appellee:—The bond conforms to the Act. The *condition* is in the very words prescribed by the

McCabe, *et al., vs.* Ward.

.Act. Upon the same grounds that authorize us to construe the words "Baltimore County court," *in the Act,* as equivalent to "Circuit court for Baltimore county," we are bound to give them that meaning *in the condition of the bond,* which is imported directly from the Act, and is prescribed by it. Doubtless either phrase would have been sufficient,—but at any rate the Act has been complied with. "Baltimore County court," is one of the constitutional names of the "Circuit court for Baltimore county." *Cons., Art.* 4, *sec.* 8. This case is distinguishable from that of *Tucker vs. The State,* for the Act of 1836, ch. 150, sec. 6, in question there, was silent as to the condition of the bond provided for by it. The words "Baltimore County court," might be disregarded as surplussage, and .yet leave a good bond. 7 *G. & J.,* 253, *Young vs. The State.* 1 *Wms. Saund.,* 66, *note* 4. But if the bond were faulty, it would be no ground for setting aside the sale, (6 *Gill,* 231, *Cunningham vs. Schley;* 4 *Gill,* 339, *Dawes vs. Thomas,)* and the objection, going as it does to the jurisdiction, in order to be of any avail, should have been taken in the court below, but is made here for the first time. Finally, this and all the objections that have been urged or suggested to this sale, rest upon the assumption, that a proceeding under the Act of 1826, is to be construed with strictness, as a special statutory proceeding in derogation of common right, but a different view of this Act has been authoritatively adopted, and indeed all or nearly all of the very questions now raised have already been passed upon. 15 *Md. Rep.,* 529, *White, et al., vs. Malcolm. Ibid.,* 548, *Eichelberger vs. Hardesty.* 9 *Md. Rep.,* 459, *Wilson vs. Watts.* If the court were vested with a special jurisdiction, an appeal from it could not be entertained. 15 *Md. Rep.,* 197, *Ball. & Havre-de-Grace Turnpike Co., vs. Northern Central Railway Co.*

GOLDSBOROUGH, J., delivered the opinion of this court.

The proceedings in this case were instituted in the Circuit court for Baltimore county, on the eighteenth day of Novem-

ber 1859, and are claimed by the appellee to be in conformity with the provisions of the Act of 1826, ch. 192. A mortgage of certain real estate mentioned in the proceedings was executed by the appellants to John F. Shipley, and by him assigned to the appellee. A power of attorney was given by the appellee to R. R. Boarman, Esq., intended to vest in him authority to sell the mortgaged property.

The appellee instituted the proceedings mentioned in the record, in the Circuit court for Baltimore county, and in view of the above Act, his attorney filed with the clerk of said court a copy of the power of attorney, a copy of the deed of mortgage, and also the deed of assignment.

The attorney, intending to enforce the lien of his principal, executed a bond to the State, designed to be in compliance with the second section of the Act of 1826.

This bond, the condition of which was to abide by and fulfil any order or decree made by *Baltimore county court*, in relation to the sale of mortgaged property, or the proceeds thereof, and to be and remain as an indemnity to, and for the security of, all persons interested in such mortgaged property, was to be approved by a judge of *Baltimore county court*, *or the clerk thereof*, prior to the change of the judicial system of Maryland, by the present Constitution. The bond in this case was filed with the clerk of the Circuit court for Baltimore county, and approved by him, not conditioned to abide by and fulfil any order or decree which should be made by the Circuit court for Baltimore county, but to abide by and fulfil any order or decree which should be made by *Baltimore county court*. The attorney thereafter proceeded to make sale of the mortgaged property, and reported the same to the Circuit court. The appellants filed objections to the ratification of the sale, which, upon hearing, were overruled, and the sale finally ratified.

Though, by the fifth section of the Act of 1826, ch. 192, it is declared, that "the court shall have the same power, in the premises, as they now have over sales made by trustees of their own creation," yet it is clear, that such chancery jurisdiction

McCabe, *et al. vs.* Ward.

does not attach until the preliminary requisites of the Act, and filing a bond in compliance with its provisions, have been strictly gratified. The proceedings to initiate that jurisdiction are wholly *ex-parte* until the report of sales are brought before the court for ratification, when an opportunity is afforded to "all persons interested in such mortgaged property, to file reasons, if any exist, why the sale should not be affirmed." The attorney had no power to sell the property until he executed a bond, which would be a valid "indemnity to, and a security of, all persons interested." If he did not execute such a bond, then the jurisdiction of the court did not attach, and its action was *coram non judice* and void. No subsequent adjudication could give the proceedings validity. The ratification of the trustee's report must be considered as having been made inadvertently. There was no case before the court, nothing on which its order of ratification could rest. No court can arrogate to itself or sanction the power in another, to dispose of real estate, without the forms of law. See 2 *How.*, 43; 8 *How.*, 495, 556.

We must regard the bond executed and filed by the attorney in this case, as a nullity. The condition is an impossible one, there being, at the time the bond was filed, no such court in existence as Baltimore county court. See 11 *Md. Rep.*, 322. This case is unlike that of a trustee appointed by a decree of a court of chancery; in such a case, the decree prescribes the terms and conditions of the trustee's bond, and when, in case of mistake or defect in the condition of the bond, it may be reformed. Again, if it be that the attorney in this case secured his right to sell the mortgaged property, by virtue, not of his appointment only, but also by a strict compliance with the Act of Assembly, we cannot countenance the exercise of that right, without protecting those whose security rests in the legal and binding efficacy of the attorney's bond.

In this view of the case, we deem it unnecessary to express any opinion upon the other points raised by the appellants.

*Order reversed and cause remanded.*