JOHN R. COCKEY and THOMAS T. COCKEY vs.
SALATHIEL COLE.

*Jurisdiction—Code—Foreclosure of Mortgage—Statutory Jurisdiction—Extent of Jurisdiction—How far Judgments are binding—Judicial Sales when called in question Collaterally.*

Proceedings under Article 64, of the Code of Public General Laws, to foreclose a mortgage, are not of a special and extraordinary character, and of which the Circuit Court, where they were instituted, had no jurisdiction independent of the statute, but are within the general common law and chancery powers of the Court. Such proceedings as provided by the statute, are simply a summary mode of exercising an ordinary jurisdiction.

Under the provisions of the 64th Article, of the Code of Public General Laws, instead of a regular proceeding for foreclosure, the agreement of parties, as expressed in the power contained in the deed of mortgage, is substituted for a decree of sale, and upon report to and final ratification by the Court, the sale has all the judicial sanction that it could have on more formal proceedings.

Where special and extraordinary powers are given by statute to a Court in relation to a subject matter, of which such Court had no jurisdiction independent of the statute, all the requisites of the statute must be strictly complied with, to render the exercise of the powers so given, valid.

Where a Court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or not, its judgment, until reversed, is regarded as binding in every other Court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought in opposition to them, even prior to a reversal.

Sales ratified by a Court having jurisdiction, when collaterally called in question, should be upheld by every legal intendment. And if errors and irregularities exist, they are to be corrected by some direct proceeding, either before the same or an appellate Court.

APPEAL from the Circuit Court for Baltimore County.

This was an action of *trover* instituted on the 19th of August, 1863, by the appellee against the appellants for the conversion of a crop of wheat. At the trial, the plaintiff produced evidence to show that the crop of wheat in controversy was sown by him in the fall of 1862, while the land was in his possession and ownership, and that the same was cut in the summer of 1863, by Thomas T. Cockey, one of the defendants, and converted to the use of both. Evidence of the value of the wheat was also offered. The defendants then offered in evidence the record in the case of *Orville Horwitz vs. Salathiel Cole,* for the purpose of proving that the title to the aforesaid land and wheat had passed to the defendant Thomas T. Cockey, on or about the 8th of December, 1861, and before the wheat was converted to the use of the defendants. The case of *Horwitz vs. Cole,* was a proceeding for the sale of the land on which the wheat in question was growing, under a mortgage from Cole and wife to Horwitz, dated the 20th of February, 1861; and under which proceeding the land had been sold to Thomas T. Cockey. The plaintiff objected to the admissibility of the record so offered in evidence, and the Court (PRICE, J.) sustained the objection. To this ruling of the Court the defendants excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*E. G. Kilbourn* and *I. Nevett Steele,* for the appellants.

The important question in the case, is the validity of the sale of the property to the defendant Thomas T. Cockey, under the proceedings in the case of *Horwitz vs. Cole,* which sale was duly reported to, and ratified by the Circuit Court for Baltimore county. With this sale the Court will not interfere unless compelled absolutely. *Elliott and Wife's*

Cockey *vs.* Cole.

*Lessee vs. Knott,* 14 *Md. Rep.,* 134. Not only is there no necessity for any interference which would invalidate that sale, but there is no ground for such interference. It is charged on the part of · the appellee that the trustee's bond filed in that case is defective in the language of its condition.

The appellants, on the other hand, maintain that the bond was valid and sufficient. It was a good bond under the requirements of the 64th Article of the Code of Pub. Gen'l Laws; for although a statutory bond should be substantially in accordance with the provisions of the statute, it is not necessary that the precise language of the Act should be pursued, even where the form of the bond is prescribed. *Webster's Lessee vs. Hall,* 2 *H. & McH.,* 19; *Hall vs. Gittings,* 2 *H. & J.,* 390; *Hamilton vs. State,* 3 *H. & J.,* 503; *Waters vs. Riley,* 2 *H. & G.,* 312; *Young vs. State,* 7 *G. & J.,* 253.

The condition of the bond in question, is that " the trustee shall well and truly perform the trust reposed· in him, &c." Now as it has been often determined that the failure of a trustee to· comply with any order of the Court having jurisdiction of the case, is a breach of the condition of the bond ; it follows that a failure to comply with an order of the Court, is a failure to fulfil the duties of his trust. *Brooks vs. Brooke, et al.,* 12 *G. & J.,* 317. This bond refers to the mortgage itself, and must therefore be construed, so far as its condition is concerned, in regard thereto, precisely as in the case of *Wood vs. Fulton & Starck,* 2 *H. & G.,* 71.

Nor is a statutory bond considered void, unless by the statute it is declared so, in the event of the form not being complied with. *Van Deusen vs. Hayward,* 17 *Wend.,* 67; *Ring vs. Gibbs,* 26 *Wend.,* 502; *Justices of the Inferior Court vs. Adm'r of Wynn, Dudley's Rep.,* 24; *Central Bank vs. Kendrick, Dudley's Rep.,* 66.

Nor was it ever heard that a bond was considered insufficient under a statute, because the obligors undertook by the

condition more than the statute required, or because the condition was too broad. *Ring vs. Gibbs*, 26 *Wend.*, 502; *Speck vs. Commonwealth*, 3 *Watts & Serg.*, 324.

If the bond in question is not good as to its condition under the 64th Article of the Code, then, as after forfeiture this deed of mortgage became a deed of trust by its terms and provisions, the bond is good and sufficient under the provisions of the 81st Article of the Code, the precise language of which it follows. *Code of Pub. Gen'l Laws, Art. 81, sec. 116.*

The sale could have been made without a bond under the provisions of the deed, and the report of the sale and ratification by the Court, whose jurisdiction had been invoked, were only efficacious in confirming the act of the trustee and bringing the fund into Court for distribution.

The sufficiency of the bond cannot be enquired into collaterally: It must be conceded that in no case can the proceedings of a Court of competent jurisdiction be enquired into collaterally. It being once ascertained that the Court had jurisdiction of the subject matter, all the proceedings are, in a collateral enquiry, presumed to be correct, and even in a case where the Court had not jurisdiction, it must appear affirmatively by the record that the jurisdiction did not attach. *Raborg vs. Hammond*, 2 *H. & G.*, 50; *Cooper vs. Sunderland*, 3 *Clarke, (Iowa,)* 114; *Fridge vs. The State, use of Kirk*, 3 *G. & J.*, 103; *Vorhees vs. The Bank of the United States*, 10 *Peters*, 470, 474.

The Circuit Court for Baltimore county, had entire jurisdiction of the subject matter. It is a Court of general jurisdiction. *Harvey vs. Tyler*, 2 *Wallace S. C. R.*, 341; *Con. of 1867, Art. 4, sec. 8; Code of Pub. Gen'l Laws, Art. 29, sec. 44.*

The provision in regard to mortgages is a general provision in reference to the subject matter of mortgages conferring jurisdiction on all the Courts of the State of general jurisdiction, and with full power and entire control over the subject. *Code of Pub. Gen'l Laws, Art. 64.*

It does not in any respect assimilate to the Act of 1826, and the case of *McCabe vs. Ward,* 18 *Md. Rep.,* 505, relied on by the appellee :

1. Because it has reference to a special and limited power.

2. Because it was an appeal from a decision of the Court in the case itself.

3. Because the bond in that case was an impossible bond.

When the jurisdiction itself depends on a question to be decided by the Court, the jurisdiction attaches if decided by the Court, and not appealed from. *Grignon's Lessee vs. Astor, et al.,* 2 *Howard,* 338.

Cole, by his petitions filed in the case, became a party thereto, and assented thereby to the proceedings of the Court, and made its jurisdiction perfect. To this, it will be answered that consent cannot give jurisdiction : and this axiom is true in regard to a Court of limited jurisdiction, or a Court of general jurisdiction with certain subjects excluded. But jurisdiction over this subject matter is given to the Court, and the only party in interest assenting, cannot afterwards interfere. *Hurd vs. Tombes,* 7 *How.,* (*Miss.*) 229 ; *Leigh vs. Mason,* 1 *Scammon,* 249 ; *Grignon's Lessee vs. Astor, et al.,* 2 *Howard,* 338 ; *Hayes vs. Lusby,* 5 *H. & J.,* 485 ; *Gatchell, use of Worthington, vs. Presstman and Purviance,* 5 *Md. Rep.,* 161 ; *Funk vs. Newcomer, et al.,* 10 *Md. Rep.,* 317.

*Lewis H. Wheeler* and *Richard J. Gittings,* for the appellee :

The mortgage in the case of *Horwitz vs. Cole,* contained a clause authorizing the mortgagee to sell the mortgaged premises upon certain terms therein expressed, according to the provisions of the Code of Public General Laws, Art. 64, sec. 5. The proceedings in that case were null and void, for want of the preliminary bond required by the sixth section of said Article. The condition of the bond filed in that case was : " That if the above bounden Orville Horwitz, shall well and faithfully perform the trust reposed in him by the deed of

mortgage aforesaid, then this bond shall be null and void."
The condition required by the Code of Public General Laws,
(Art. 64, sec. 6,) is "To abide by and fulfil any order or
decree which shall be made by any Court of Equity, in rela-
tion to the sale of such mortgaged property, or the proceeds
thereof." "And such bond" it is declared "shall be and
remain as an indemnity to and for the security of all persons
interested in such mortgage property or the proceeds thereof."
No jurisdiction could vest in the Circuit Court for Baltimore
county, until a bond was filed in accordance with the said
provisions of the Code. It was a special statutory proceeding
in the exercise of a special limited jurisdiction in derogation
of the common law; and a bond in exact conformity with the
Act of Assembly, is absolutely necessary to give the Court
jurisdiction. Without it, the sale and all the other proceed-
ings, are not merely voidable, but absolutely void, the whole
proceedings being *coram non judice.* *McCabe, et al. vs. Ward,*
18 *Md. Rep.* 505; *Tucker, et al. vs. State,* 11 *Md. Rep.* 329;
*Clark & Jackson vs. Bryan & Lunt,* 16 *Md. Rep.,* 176; see
also *Act of* 1826, *ch.* 192, *and Act of* 1833, *ch.* 181.

"In all cases of a special limited jurisdiction the proceed-
ings must conform strictly to the authority conferred." *Swann
vs. Mayor and C. C. of Cumberland,* 8 *Gill,* 152; *Shivers vs.
Wilson,* 5 *H. & J.,* 133; *Boarman vs. Israel and Patterson,
Ex'rs,* 1 *Gill,* 381; *Williamson vs. Carman,* 1 *G. & J.,* 195,
197, 198.

Here the jurisdiction never attached. *Elliott vs. Piersol,*
1 *Pet.,* 340.

The proceedings in the case of *Horwitz vs. Cole* being void,
were of no legal effect whatever, either for the purpose for
which they were offered by the appellants, viz: to show title
to the wheat crop in themselves, or for any other purpose.
*Shriver's Lessee vs. Lynn,* 2 *How.,* 43; *Savage Man'g Co. vs.
Owings,* 3 *Gill,* 497; *Boswell's Lessee vs. Otis,* 9 *How.,* 348,
349; *Bowie vs. Jones, use of Linthicum,* 1 *Gill,* 208; *Barney
vs. Patterson's Lessee,* 6 *H. & J.,* 182; 1 *Greenleaf's Evd.,* secs.
540, 541 *and* 542.

"However high the authority may be where a special statutory power is exercised, the person who acts must take care to bring himself *within the terms of the statute." Christie vs. Mervin,* 11 *Ad. & El.,* 379, where the rule was applied to an order of the Lord Chancellor. The United States Supreme Court says: "We concur, that neither orders nor decrees in Chancery can be reviewed as a whole in a collateral way. But it is an equally well settled rule in jurisprudence, that the jurisdiction of any Court exercising authority over a subject, may be inquired into in every other Court, when the proceedings in the former are relied upon, and brought before the latter, by a party claiming the benefit of such proceedings." *Williamson, et al. vs. Berry,* 8 *How.,* 540; *Hickey's Lessee vs. Stewart,* 3 *How.,* 750.

ALVEY, J., delivered the opinion of this Court.

There is but one exception in this case, and that raises the single question as to the admissibility of the record offered as evidence for the defendants in the Court below. While on the part of the appellants it is contended, that the record offered, containing proceedings of a Court of general and competent jurisdiction, should have been admitted as evidence by the Court below, it is contended, on the part of the appellee, that the proceedings were *coram non judice,* and that the sale shown to have been made by Horwitz to the defendant, Thomas T. Cockey, was absolutely void; and, being so, the record was wholly inadmissible for any purpose whatever. The proceedings in question were had in the Circuit Court for Baltimore county, as a Court of Equity, and purport to be under and in pursuance of the 64th Art., of the Code of Public General Laws, providing the mode of foreclosing mortgages, and the distribution of the proceeds of sale of the mortgaged premises. It is urged against the admissibility of the proceedings offered that no rightful jurisdiction did or could attach in the Circuit Court where they were had, because of the failure of the mortgagee to give

such bond as was required of him by the 6th sec. of the Art., referred to, *before* he proceeded to make sale; and although a bond was given, it is insisted that it was not such as gratified the requirement of the statute, and authorized the making of the sale that was afterwards duly reported, and finally ratified by the Court. The question of the validity of the bond that was in fact given, we do not deem material to decide in this case. The non-conformity of its condition to the requirements of the law, may have formed good grounds for objection to the ratification of the sale, but we think it no sufficient ground for declaring, in this collateral way, the whole proceeding a nullity.

The Court in which these proceedings took place was not one of special or limited jurisdiction, but of general common law and chancery powers. Foreclosure of mortgages, and the execution of trusts, were subject matter peculiarly within its jurisdictional power; and the statute simply provided a summary mode for the exercise of an ordinary jurisdiction. Instead of a regular proceeding for foreclosure, the agreement of parties, as expressed in the power contained in the deed of mortgage, is substituted for a decree of sale, and upon report to, and final ratification by the Court, the sale has all the judicial sanction that it could have on more formal proceedings. By the very terms of the 8th sec. of the Article of the Code, already referred to, the general Chancery jurisdiction of the Court, is evoked and brought into active exercise; for it is therein provided that "all such sales shall be reported under oath to the Court having Chancery jurisdiction where the sale is made, *and there shall be the same proceedings on such report as if the same were made by a trustee under a decree of said Court.*" This, therefore, is not the case of special and extraordinary powers given by statute to a Court in relation to a subject matter, of which such Court *has no jurisdiction independent of the statute,* and which derives its authority to act *entirely from the statute* giving the power, and prescribing the mode of proceeding. In such case, to render valid

the exercise of the power given, all the requisites of the statute must be strictly complied with. But the provisions of the statute upon which the proceedings in question were founded, profess to give no new jurisdiction, but only to prescribe a summary mode for the exercise of jurisdiction over the subject matter, of which the Court had full and ample cognizance, independent of the statute provision.

In the proceeding under consideration, it may be that there were errors and irregularities for which the sale would have been set aside, if exception had been taken to its ratification in the direct proceeding, or that the final order of ratification would have been vacated, if an appeal had been taken therefrom; but it does not by any means follow, that objection can be sustained, when made for such causes, in a collateral proceeding. For "where a Court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or not, its judgment, until reversed, is regarded as binding in every other Court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought in opposition to them even prior to a reversal." *Elliott, et al. vs. Piersol, et al.,* 1 *Pet.,* 340.

It was earnestly contended by the appellee's counsel, that the terms of the statute, "before any person so authorized shall make any such sale, he shall give bond;" are imperative, and that the giving of a proper bond, with condition strictly in conformity to the provisions of the law, was a jurisdictional fact, a condition precedent to the existence of jurisdiction, and that without an exact compliance with the law in this respect, the sale must be treated as void. In this, as we have already said, we do not concur. The legal question, as to the sufficiency of the bond, was one for that Court to determine in which the proceedings occurred; and whether it determined rightfully or otherwise, is immaterial, so far as the validity of the record, offered in evidence in this case, is

brought into question. That Court had jurisdiction of the subject matter; and if its jurisdiction was improvidently exercised, it would be intolerable to hold that its errors could be corrected, in a collateral proceeding, at the expense of an innocent purchaser, who had a right to rely upon the final order of ratification of the sale, as the proper exercise of judicial authority. Sales thus sanctioned, when collaterally called in question, should be upheld by every legal intendment. And as an authority for the position just stated, the case of *Thompson vs. Tolmie*, 2 *Pet.*, 157, is full and conclusive, and the reasoning of the Court strikingly apposite to the case before us. There the heirs of Tolmie instituted a proceeding in the Circuit Court for the District of Columbia, for partition of the real estate of their ancestor, and partition was awarded by the order of the Court; but the property being reported indivisible, it was then ordered to be sold, and it was sold accordingly. Afterwards the heirs brought an action of ejectment for the land, and founded their pretention upon the want of jurisdiction in the Circuit Court to pass the order of sale, or to give the sale legal sanction after it was made. None of the heirs of the deceased had become of age at the time of the sale, and the statute, under which the proceedings were had, *expressly prohibited a sale until the eldest heir was of age;* and this was alleged as the defect of jurisdiction. It was contended there, as it has been contended here, that the proceedings did not derive their authority from the general powers of the Court, and that, therefore, it should be shown affirmatively that all the requisites of the statute had been strictly observed and complied with, in order to confer jurisdiction, and impart validity to the orders passed in reference to the sale. But the Court, in disposing of the objection, say: "These proceedings were brought before the Court below collaterally, and are by no means subject to all the exceptions which might be taken on a direct appeal. They may well be considered judicial proceedings; they were commenced in a Court of justice, carried on under the supervising power of

Cockey *vs.* Cole.

the Court, and did receive its final ratification. The general and well settled rule of law in such cases is, that when the proceedings are collaterally drawn in question, and it appears upon the face of them, that the subject matter was within the jurisdiction of the Court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same, or an appellate Court. If there is a total want of jurisdiction, the proceedings are void, and a mere nullity, and confer no right, and afford no justification, and may be rejected when collaterally drawn in question." And many cases could be cited to sustain the doctrine thus announced.

In support of the position assumed by the appellee, the case of *McCabe, et al. vs. Ward*, 18 *Md. Rep.*, 505, has been cited, and pressed upon us with great earnestness, as being entirely conclusive of the question raised by the exception. And in that case, we admit, there are expressions employed by the learned Judge who delivered the opinion, that might be supposed to embrace and decide the question now involved. But that was a decision made on appeal from an order ratifying the sale, and overruling exceptions taken to it, in the direct proceeding; and, therefore, unlike the case under consideration, where the question of the legality of the proceedings is brought collaterally before the Court. That decision, however, as an authority, can only be relied on as settling the question of the irregularity of the sale made and excepted to in that case. The broad language used in disposing of the question really before the Court, must be restricted to that; and, being so restricted, the case is inapplicable to the question considered in this opinion. This Court being of opinion that the Court below committed error in rejecting the record offered, the judgment appealed from must be reversed, and procedendo awarded.

*Judgment reversed and*
*procedendo awarded.*

(Decided 14th February, 1868.)