Bartol, C. J.,
delivered the opinion of the court :
This is an action of ejectment brought on the 9th of January, 1864, by the appellant, to recover an undivided eighth part of a parcel of land lying in the City of Baltimore. The lessors of the plaintiff claim as children and heirs-at-law of Mrs. Eliza A. Schley, who was one of the eight children and heirs-at-law of James McCannon, who died intestate in 1815, seized in fee of the land in dispute. The defendants claim by mesne conveyances from George T. Dunbar, who purchased the same from Ann McCannon and Frederick A. Schley, trustees appointed and authorized to sell, by a decree of the Court of Chancery passed on the 6th of October, 1815. Frederick A. Schley and Eliza A., his wife, the mother of the plaintiff’s lessors, were parties complainants in the cause ; the sale to Dunbar, another of the complainants, was duly reported and ratified. After the decree was passed, and before the sale, Mrs. Eliza A. Schley, one of the complainants, died ; but there appears to have been no suggestion of her death made, nor any proceedings had for the revival of the cause against the lessors of the plaintiff, her heirs-at-law, and on this ground the plaintiff contends that Dunbar, the purchaser, acquired no title to the share of the land belonging to Mrs. Schley, and which by her death had devolved upon the lessors of the plaintiff.
The court below instructed the jury that the death of Mrs. Schley, after the date of the decree, and before the sale, did not make such sale void as to her interest in the land sold, as against the defendants claiming under Dunbar. The correctness of this instruction comes before us for review bn this appeal.
Two pra3'ers, presenting the converse of this proposition, were asked by the plaintiff below and rejected by the court ; *45 *the first makes the invalidity of Dunbar’s title depend upon the death of Mrs. Schley before the sale, and the second makes it depend upon the fact of Dunbar’s knowledge of her death before the ratification of the sale to him. In other words, the first prayer of the plaintiff treats the purchase of Dunbar without a revivor .of the decree against the lessors of the plaintiff as a fraud in law, and the second as a fraud in fact on the part of Dunbar, the purchaser. The bill of exceptions presents also for review the ruling of the court below upon the plaintiff’s prayers. In our opinion, the record of the proceedings in chancery furnish no evidence of any fraud in fact, committed by Dunbar. Being one of the complainants in the cause, and a'brother-in-law of Mrs.'Schley, the jury might well have assumed that her death was known to him before the ratification of the sale in 1827. But it cannot be assumed that he was aware of the necessity of a revivor of the decree against her children. Such a proceeding does not appear to have been considered necessary either by the Chancellor or any of the parties to the cause. In another cause, in which the children of Mrs. Schley (the lessors of the plaintiff) were made parties, the Chancellor had decided by his order passed on the 20th of March, 1823, that their mother’s interest in the land had devolved as personalty upon their father, and had not descended to them as realty. And in conformity with that decision, the share of Mrs. Schley, in the net proceeds of the sale to Dunbar,' was by the Chancellor awarded to her surviving husband as personalty, to the exclusion of her children. Under such circumstances no fraud can be imputed to the purchaser for a failure to have the decree revived against the heirs of Mrs. Schley ; and the fact that her death was known to him does not in any respect weaken or impair his title acquired from the Court of Chancery ; that must depend exclusively upon the correctness of the proposition contained in the plaintiff’s first prayer.
The appellees’ counsel have contended, with much force of reasoning, that the lessors .of the plaintiff, though not made *technically parties to the chancery cause, by proceedings against them to revive the decree, were yet actually made parties before the court and their rights adjudicated so as to bind and estop them from impeaching the title of the pur *46 chaser. It appears from the proceedings that the trustees sold the entire estate, including the share of Mrs. Schley. When the proceeds came to be distributed, two accounts were stated by the auditor, in one of which her share was awarded to the lessors of the plaintiff, as realty, subject to the life estate therein of their father ; in the other it was treated as personalty and awarded absolutely to their father, as surviving husband of Mrs. Eliza A. Schley. This last account was ratified by the Chancellor, he apparently considering that the decree had operated to convert the property into personalty. That decision was no doubt erroneous. See State v. Krebs, 6 H. & J. 31. No steps, however, were taken by appeal or otherwise to correct the error. It has been argued that by the report of the auditor, the rights of Mrs. Schley’s heirs, the lessors of the plaintiff were brought before the Chancery Court, considered and decided, and that they are thereby precluded from denying that they were actually parties to the cause, and estopped from setting up a claim against the purchaser, as much as if the decision had been in their favor. Hunter v. Hatton, 4 Gill, 115, 124, has been cited in support of this position. It is not necessary for us to express any opinion as to the effect of the auditor’s reports, and the decision of the Chancellor thereon, as affecting the rights of the plaintiff’s lessors in this case. Conceding that they are not thereby estopped, the question still remains whether the (ailure to revive the decree as against them, renders the sale to Dunbar void, so far as the share of their mother is concerned ; or whether that was a mere irregularity, not affecting the jurisdiction of the court to pass the order ratifying the sale, or impairing the validity of the purchaser’s title.
We have examined with much care the numerous authorities referred to by the counsel in argument, and will state *briefly the conclusions at which we have arrived upon this question, without referring particularly to all the authorities cited, or attempting to analyze or explain the principles upon which they rest ; to do so, would protract this opinion to unnecessary length : Eying at the basis of the case, is the principle that irregularity or error in the proceedings of a court of competent jurisdiction can never be discussed collaterally in another suit. It is unquestionably a well settled rule in chan *47 eery practice, that if a complainant or defendant die after decree, so that other parties become interested therein, the decree ought to be revived by proper proceedings before its execution by a sale. And if this be not done, the error may be relied on as a sufficient ground for setting aside the sale, if exceptions be lhade in the cause before its -final ratification. Glenn v. Clapp, 11 G. & J. 1, But we have found no well adjudged case, in which it has been held that such an error or irregularity renders the sale void which has been ratified by a court of competent jurisdiction, or furnishes a sufficient ground for impeaching the rights of the purchaser in a collateral proceeding. In this case the decree was passed by a court having jurisdiction over the property and the parties. Mrs. Schley, the mother of the lessors of the plaintiff, under whom they claim title, was a party complainant in the cause at,the time the decree was passed, her interest was therefore bound by the decree, and continued so bound when upon her death it devolved upon her heirs. The decree was final so far as to establish, the liability.of the land to be sold. The subsequent proceedings for the execution of the decree were taken in the same court having the jurisdiction to decide upon the proper mode of its execution ; and competent to determine upon the regularity and validity of the sale, and the sale made by its officers was duly ratified. Under such circumstances, every principle of equity requires that the title of the purchaser should be protected, as was said by this court in Cockey v. Cole, 28 Md. 285. The Court of Chancery “ had jurisdiction of the subject matter, and if its jurisdiction was improvidently exercised, it would be intolerable *to hold that its errors could be corrected, in a collateral proceeding, at the expense of an innocent purchaser, who had a right to rely upon the final order of ratification of the sale, as the proper exercise of judicial authority. Sales thus sanctioned when collaterally called in question should be upheld by every legal intendment.” In Cockey v. Cole, supra, this court referred to the decision of the Supreme Court, in Thompson v. Tolmie, 2 Pet. 157, which may be cited here as containing principles applicable to the present case. We refer also to Whiting v. Bank, 13 Pet. 6, in which it was decided that the death of a party after a decree and befóte the sale, where the decree was not revived against his heirs, *48 did not invalidate the title of the purchaser. There the proceeding was by a bill of review, and the doctrine there announced applies with more force to a case like this where the title thus acquired, is assailed in a proceeding altogether collateral. Both courts of law and equity have adhered with great uniformity to the rule, which guards and maintains vritji jealous vigilance the title of purchasers acquired under judicial sales. Tomlinson v. Devore, 1 Gill, 349; Henry v. Graddy, 5 B. Monroe, 453; Proctor v. Terrill, 8 Monroe, 452. In this last case, it was held that “ the parties to a judgment or decree, are equally with all others at liberty to bid and purchase property exposed to sale under the authority of a judgment or decree, and there is the same reason for protecting the interest acquired by a party under a purchase as that of a stranger.” We think this rule is applicable to the present case. We have before said that the charge of fraud in fact on the part of Dunbar, the purchaser, is not supported by any proof, and therefore, the title acquired by him is entitled to the same protection as if he had been a stranger to the cause.
The sale having been made and ratified under the authority of a court of competent jurisdiction, the error or irregularity in the proceedings cannot be relied upon in the present suit to defeat the title of the purchaser. Judgment affirmed.