## SAMUEL EMMERT vs. OTHO MIDDLEKAUFF and A. C. STRITE, Assignees.

*Judgments or decrees: in rem; effect of—; persons not parties. Trustee's sales: exceptions; title of mortgagor.*

The purchaser at a mortgage foreclosure objected to the title, on the ground that the mortgagor was not the owner in fee of the land he had mortgaged; before the mortgage foreclosure a decree had been made in a suit brought by the mortgagor to construe the will and deeds under which he claimed title to the property, which decree decided that under those instruments the fee simple title to the land had vested in the complainant, the mortgagor; to that suit the purchaser had not been a party. *It was held,* that while he was not bound by the decree, yet as the decree included the rights of all persons who could claim any interest in the property sold, the title through him would be free from all reasonable doubt and the sale should be ratified and confirmed.	p. 404.

A judgment or decree of a Court, having jurisdiction of the subject-matter and of the parties, can not be re-examined by the parties or their privies in another suit; it is conclusive upon them of all questions put in issue by the pleadings.

pp. 403-404

Nor can the decree or judgment be re-examined in the same Court except upon some direct proceeding instituted for that purpose.	p. 404

Until set aside, by the Court which rendered it, or reversed upon appeal, a judgment or decree is final and conclusive of the question decided.	p. 404

*Decided June 13th, 1912.*

Appeal from the Circuit Court for Washington County, in Equity (KEEDY, J.).

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Pearce, Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*Wagaman and Wagaman* filed a brief for the appellant.

*Wm. J. Witzenbacher* and *O. V. Middlekauff* filed a brief for the appellees.

Burke, J., delivered the opinion of the Court.

Isaac C. Snyder and Maud C. Snyder, his wife, executed two mortgages upon a tract of land, containing one hundred and fifty-five and a quarter acres, more or less, located in Washington County, Maryland, to secure the repayment of certain sums of money specified in the mortgages. Each mortgage contained the usual power of sale. These mortgages were duly assigned to the appellees on this record, and the mortgaged property was sold by them under the power contained in the mortgages to the appellant. The sale was reported to the Court, and the purchaser filed objections to its final ratification upon the grounds, first, that the assignees could not convey to him a good and marketable title to the property; secondly, that Isaac C. Snyder and wife, the mortgagors, were not the owners in fee of the whole estate in the land sold at the time the mortgages were executed. The Court overruled the exceptions, and passed an order, dated March 27th, 1912, finally ratifying and confirming the sale. This appeal was taken by the purchaser from that order.

It appears from the record that Isaac Ridenour died in 1878, leaving a last will and testament by which he devised the property sold in these proceedings to his wife, Sarah Ridenour, for life, and directed that after her death it should be divided equally among his four children (if living), viz: Christian Nathaniel, Ann Virginia, Emma Jane and Sarah Leah Ridenour.

The testator had acquired title to the property under a, deed from John Kendle, Trustee, dated June 7th, 1851, and recorded in Liber I. N. No. 6, folio 74, one of the Land Records of Washington County.

Christian Nathaniel Ridenour died in the lifetime of his father, unmarried, intestate and without issue, and Sarah Ridenour, the widow, died in April, 1887. Ann Virginia Ridenour is still living and unmarried. Emma J. Ridenour married a Mr. Snyder, and he died in 1878, and Sarah Leah Ridenour married Isaiah D. Hammond.

Upon the death of the widow of Isaac Ridenour the absolute title to the property under the terms of the will vested in the three living children of the testator.

Sarah Leah Hammond and husband, by deed dated in February, 1887, and recorded in Liber No. 90, folio 388, one of the Land Records of Washington County, granted and conveyed her one-third undivided interest in the property to her sisters, Ann V. Ridenour and Emma J. Snyder, each of whom thereby became the owner of one-half undivided interest therein.

Emma J. Snyder died in February, 1907, leaving a last will and testament, by which, after providing for the payment of her debts and funeral expenses, she devised and bequeathed as follows: "After the payment of my funeral expenses and debts as aforesaid, I give, devise and bequeath unto my sister, Ann V. Ridenour, for her lifetime, all my property of every kind and description to use as she may see fit, and after her death I direct my executors to sell any of my property not used or disposed of by my said sister, and the proceeds of such sale I give and bequeath unto my son, Isaac C. Snyder."

Thereafter Ann V. Ridenour granted and conveyed the property to Isaac C. Snyder by deed dated July 28th, 1908, and recorded among the Land Records of Washington County.

Isaac C. Snyder, the grantee named in this deed, and his wife, on July 28th, 1908, and April 29th, 1909, executed the

two mortgages herein referred to and under which the property bought by the appellant was sold.

Isaac C. Snyder was the only child and heir at law of Emma J. Snyder, a portion of whose will has been hereinabove transcribed, and the record shows that he and his wife on the 11th day of December, 1911, and before the sale to the appellant was made, filed a bill in the Circuit Court for Washington County against the appellees asking for a construction of the will of Emma J. Snyder and for other relief.

The bill alleged many of the facts above stated, and there was filed with the bill and as a part thereof a copy of the deed from Ann V. Ridenour to Isaac C. Snyder, dated July 28th, 1908, marked Exhibit No. 4. The bill alleged (a) that by a proper construction of the last will and testament of Emma J. Snyder, deceased, the said Ann V. Ridenour had the power of disposition over the estate left by the said Emma J. Snyder, deceased, and the power to convey the same by deed, and that in executing and delivering the deed, "Exhibit No. 4" herein, the grantee, Isaac C. Snyder, was and he became vested with a fee simple title in the entirety of the land described in said deed "Exhibit No. 4"; (b) that doubts had arisen relative to the title of Isaac C. Snyder in the property, and those doubts could only be determined by the construction of the terms of the last will and testament of his mother by a competent tribunal; (c) that the mortgages herein referred to had been assigned to the appellees on this record for foreclosure and collection, and that the property had been advertised for sale under the power contained in the mortgages; (d) that by reason of the doubts which had arisen as to the title of Isaac C. Snyder to the property, and of the quantity of interest that might be conveyed by the assignees, a fair and adequate price for the property could not be secured at the sale advertised with justice and fairness to all parties, and that it would be for the interest and advantage of all the parties, in the event of a sale, that the entire land should be sold and a title in fee simple assured to the purchaser. The bill prayed the Court "to pass a decree,

decreeing that according to the construction of the last will and testament of Emma J. Snyder, deceased, the said Ann V. Ridenour was vested with the power to convey a fee simple interest in the lands hereinabove mentioned whereof the said Emma J. Snyder died seized and possessed, and that by the deed "Exhibit No. 4," executed by the said Ann V. Ridenour, as hereinabove set forth, the plaintiff, Isaac C. Snyder, became and was vested with a fee simple title in the entirety of the said land described in said deed 'Exhibit No. 4.' "

On the 19th of January, 1912, the Circuit Court for Washington County, sitting in Equity, "adjudged, ordered and decreed that under the provisions of the last will and testament of Emma J. Snyder, filed as 'Exhibit No. 3' in this cause, Ann V. Ridenour, the devisee for life therein, was vested with full power to convey the fee simple interest of the said Emma J. Snyder in and to the farm and tract of land mentioned in and the subject-matter of the proceedings in this cause. And it is further adjudged, ordered and decreed that in and by the deed 'Exhibit No. 4' filed herein, the complainant, Isaac C. Snyder, became vested with the fee simple title in the entirety of said farm and tract of land described in said deed 'Exhibit No. 4'."

This decree, from which no appeal has been taken, passed by a Court having jurisdiction of the subject-matter, and in a cause to which all necessary persons were parties, adjudicated the precise questions raised by the exceptions to the sale, and is conclusive as to those questions upon the parties to the suit and those claiming under them.

The only person who could possibly have any interest in the property under the will of Emma J. Snyder, other than the grantor, Ann V. Ridenour, is Isaac C. Snyder, and he was one of the complainants in the cause, asking for the precise construction which the Court by its decree placed upon his mother's will.

A judgment or decree of a Court having jurisdiction of the subject and the parties can not be re-examined by the same parties or their privies in another suit. It is conclusive upon

them of all questions put in issue by the pleadings. *White-hurst* v. *Rogers,* 38 Md. 503; *State* v. *Brown,* 64 Md. 199; *Hill* v. *McConnell,* 106 Md. 574. Nor can the decree or judgment be re-examined in the same Court, except upon some direct proceedings instituted for that purpose. Until set aside by the Court which rendered it, or reversed upon appeal, the judgment or decree is final and conclusive of the questions decided. *Cockey* v. *Cole,* 28 Md. 276; *Dill* v. *Satterfield,* 34 Md. 52; *Dorsey* v. *Garey,* 30 Md. 494.

It is true, the appellant was not bound by the decree, not being a party to the suit, but as the decree concluded the rights of all persons who could claim any interest in the property sold there would appear to be no good reason why the sale should not have been finally ratified and confirmed. The title taken by him would be free from all reasonable doubt.

The record further shows that Ann V. Ridenour has come into the mortgage case by petition, claiming that she is entitled to the surplus from the sale of the property under a deed to her from Isaac C. Snyder, dated January 12th, 1912, and the Court, by its order passed February 23rd, 1912, directed the auditor in stating the account to distribute the surplus, if any, to her. Upon the facts contained in this record there would seem to be no reasonable doubt that the appellees are able to convey a good fee simple title to the land sold, and that the order appealed from should be affirmed. But apart from this reason for the affirmance of the order, we agree with the views expressed by JUDGE KEEDY in the carefully considered opinion filed by him in the lower Court, in which he held that by the true construction of the will of Emma J. Snyder, Ann V. Ridenour had the power of disposition over the one-half interest in the property, and that she exercised that power by the deed to Isaac C. Snyder dated July 28th, 1908.

For the reasons stated the order appealed from will be affirmed.

> *Order affirmed, with costs to be paid by the appellees out of the proceeds of sale.*