(Decided 11th December, 1872.)

WILLIAM CORNELL and JOHN JOHNSON *vs.* DANIEL McCANN, WILLIAM H. DUNKINSON and others.

*Equity Practice— When the power to order a Sale before Final decree, given by Article* 16, *section* 129 *of the Code, may be exercised.*

The power to order a sale of real or personal property before final decree, conferred upon Courts of Equity by Article 16, section 129, of the Code, is one of an extraordinary character, and should never be exercised except in very plain and unexceptionable cases. It should plainly appear beyond reasonable doubt, either by proof, or from the very nature of the case itself, that a sale must inevitably be decreed on final hearing, to justify the passing of the interlocutory order; especially if applied for by the complainant only, and before the appearance and answer of the defendants, who may be affected by the sale.

In a case, where from the nature of the proceedings and the evidence disclosed by them, the Court can see with *certainty* that the final decree in the cause will require the property to be sold, and there exists a necessity for an imme-

diate sale, the interlocutory order is proper even before the appearance and answer of the defendants.

In the most pressing cases, however, where it is practicable or possible, all parties who may be affected by the sale, should have an opportunity to be heard, and to shew cause against it, before the order is passed.

APPEAL from the Circuit Court for St. Mary's County, in Equity.

On the 6th of June, 1870, William H. Dunkinson filed a bill in the Circuit Court for St. Mary's County, in Equity, against Lucien Birdseye of New York, to enforce an alleged vendor's lien upon the Point Lookout property, by sale of the property. An order of publication was granted, and the defendant having failed to appear and answer, a decree *pro confesso* was passed on the 8th of December, 1870, for the sale of the property, and B. G. Harris and J. Parran Crane, were appointed trustees for that purpose. Subsequently, Birdseye and a certain Delphine P. Baker filed petitions in the cause to have the decree for a sale rescinded ; after hearing, the petitions were dismissed on the 28th March, 1871 ; and on the same day a decree was passed modifying somewhat the original decree. Under this decree the property was advertised for sale. On the sixth of May, 1871, a bill was filed in the same Court by Daniel McCann of Baltimore City, against Dunkinson, and the trustees appointed to make sale of the property ; Birdseye, Baker, and the appellants, with others claiming to have an interest in the property, were likewise made parties. McCann's bill alleged that he was the holder of a vendor's lien upon the property, growing out of a sale of it to Birdseye, from a certain E. G. W. Hall, whose assignee he claimed to be. The bill prayed an injunction to restrain the sale under the decrees of the 8th of December, 1870, and the 28th of March, 1871, and that the property be sold, and the balance of the

proceeds, after satisfying the vendor's lien, be distributed amongst the parties legally and equitably entitled thereto; and, further, that the rights, title, interest and estate of all said parties might be ascertained, adjusted and adjudicated by the Court, and their conflicting equities, claims and pretensions finally determined, and for general relief.

The bill alleged, as' one of the grounds for the relief prayed "that owing to the many apparently conflicting claims to the property in question, and the various transfers, conveyances, contracts and pretensions set up in regard to the same, the title thereto had become so greatly clouded, that a sale of the same by the said trustees, under said decree, would tend still further to befog and embarrass the title, and be productive of great and irreparable injury to the said McCann, and *to other parties having or asserting claims thereto*," "that the interests of all parties imperatively required that all persons having any right, title, interest, estate or claim therein or thereto should be brought before the Court."
On the 8th of May, 1871, the injunction was issued as prayed, and an order of publication was issued against the non-resident defendants; including the appellants who were citizens and residents of New York, warning them to appear and answer on or before the third Monday in September, 1871.

On the 22nd of July, 1871, Dunkinson appeared and answered. On the 11th of August, 1871, McCann filed a petition stating the object of his bill; charging that the interests of all parties would be promoted by a sale, and that it manifestly appeared from the proceedings that a sale would be finally decreed. The petition further stated that with a view of affecting an early sale of said property, an arrangement between the litigating parties to the cases of *Dunkinson vs. Birdseye*, and *McCann vs. Dunkinson, Birdseye et al.* had been entered

Cornell & Johnson vs. McCann, Dunkinson, et al.

into by which it was proposed that the two cases should be consolidated; that a decree should be passed by consent dissolving the injunction theretofore granted, and a new decree passed in the case of *Dunkinson vs. Birdseye* modifying the original decree passed therein, by the association of D. S. Briscoe Esq., as trustee with Messrs. Harris & Crane to make sale of said real estate. On the same day of the filing of the aforegoing petition, Dunkinson filed his answer thereto, expressing his willingness that a sale should be had under the decree theretofore passed in the case instituted by him against Birdseye. On the same day an order was passed consolidating the two cases and dissolving the injunction granted in the case of *McCann vs. Dunkinson et al*; and a decree or order was passed modifying the decree in the case of *Dunkinson vs. Birdseye* by the appointment of D. S. Briscoe, Esq., as an additional trustee, and directing that in all other respects, the said trustees should proceed according to the original decree. On the 15th of September, 1871, the appellants filed a petition asking that the order or decree of the 11th of August, 1871, modifying the original decree of sale, should be rescinded. On the same day they filed their answer to McCann's bill, alleging, among other things, that it would not be advantageous in any point of view, to the parties having claims against the property, for the same to be sold before the adjustment by the Court of their different priorities, and averring that any such sale would result in a great injury to many valid claims and especially to the claim of the respondents.

On the 20th of September, 1871, Delphine P. Baker and Lucien Birdseye likewise filed petitions praying that the order or decree of the 11th of August, 1871, might be rescinded. On the 21st of September, 1871, the Court, (MAGRUDER J.) passed an order dismissing the petitions, but modifying somewhat the terms of the decree of 11th

of August, 1871, and directed the trustees to re-advertise and sell the property, giving notice of the terms of sale as thus modified.

From this order of the 21st of September, 1871, and from the orders of the 11th of August, 1871, the present appeal was taken.

The cause was argued before BARTOL, C. J. MILLER, ALVEY and ROBINSON, J.

*T. Wallis Blakistone,* for the appellants.

If the order passed by agreement of Dunkinson and McCann in the injunction case had been rendered in the original case, or the decree originally passed in that case had been left untouched, the appellants would have been indifferent, not being parties to the proceeding, and not therefore affected by its result.

But the consolidation of that case with the second one, to which they were made parties defendants, made them practically parties to both, and a decree passed in the consolidated cause, of course binds them as to the property, though it should save their interests in the proceeds.

The Court, therefore, had no right in the consolidated cases to pass a decree binding the interests of the appellants, not only before they had answered but before the time had been reached for them to answer. McCann was not *dominus litis,* so far as to be entitled to agree for the appellants, because their rights and claims were an independent part of the equities on which he asked and was granted the injunction.

The decree rendered could only have been justified under Article 16, section 129, of the Code, provided a proper case had been made and the jurisdiction thereunder had been regularly and providently exercised. The Code does not, either in words or by implication,

confer the power to sell before the party is summoned. Nor does it confer the power to sell even after appearance, before the expiration of the time, within which an answer may be filed.

But although some averments to bring it within the statute are made in McCann's petition, the decree does not rely on them. It is simply the old final decree "modified by the appointment of D. S. Briscoe as additional trustee to make sale, &c." It does not profess to be under the section of the Code referred to, and no proof was taken or recited to have been taken in the exercise of the prescribed jurisdiction. No notice was given to the parties defendant, and the appellants were not, in fact, aware that any proceedings were pending against their interests in the property. No evidence that a sale must ultimately be decreed; none that a sale in advance of final decree would be beneficial to any body, although issue is directly taken on both of these points by the petition and answer of the appellants, as well as in the petitions of other parties to the litigation. Notwithstanding the positive averments by the appellants against the necessity or propriety of anticipating the final decree, the Court dismissed the petition without an opportunity of proof on the subject. In fact, the whole action was taken upon the consent of two parties—one of whom, Dunkinson—not only the appellants, but McCann himself, charge to have no rights whatever in the premises.

Even if treated as the exercise of a power conferred upon the Court by the above section of the Code, although the decrees do not even pretend to rest upon that ground, there is none of the proof which the section requires, and which the case of *Dorsey's Lessee vs. Gary*, 30 *Md.*, 489, 498, declares to be necessary and proper before such a power can be exercised.

The orders consolidating the cases, dissolving the injunction, and modifying the decree in *Dunkinson vs.*

*Birdseye,* only to the extent of adding another trustee to those already appointed, have the effect of taking parties from a case not ripe for decree, to a case in which a final decree had been passed, when they were not parties to the proceeding.   In other words, a final decree is passed, the appellants are made parties subsequently to its passage, and their interests sought to be bound by it. Clearly, the Court had no such power, and the orders of August 11th and September 21st, 1871, should be reversed.

*John P. Poe,* for the appellees, argued :

1st. That under section 129 of Article 16 of the Code of Public General Laws, the Court had the power in its discretion to decree a sale of the property before final decree.

2d. That it was manifest from the proceedings that a sale would inevitably be decreed finally, and that therefore, the decree of the 11th of August, 1871, and the 21st September, 1871, were both judicious and free from error. *Dorsey's Lessee vs. Gary,* 30 *Md.,* 497.

3d. That even if the decree of August 11th, 1871, might be deemed premature, because passed before the day named in the order of publication for the appearance of the non-resident defendants, (the appellants,) still such error, if any, was subsequently altogether cured by the new decree of September 21st, 1871, passed after they had appeared, filed their answer and petition and been heard by counsel.

4th. That the rescission of the order of August 11, 1871, consolidating the two cases, was not asked for by the appellants in their petition, nor is this order now appealed from ; but even if it be supposed that their prayer for appeal does embrace it, still there was no error in it, and certainly none of which appellants can complain.   *Virginia vs. Ches. & Ohio Canal Co.,* 32 *Md.,* 551.

ALVEY, J., delivered the opinion of the Court.

While the order of the 11th of August, 1871, consolidating the two causes, *Dunkinson vs. Birdseye,* and *McCann vs. Dunkinson et al.,* may be very proper and expedient with a view to the final determination of the many conflicting claims involved, it is quite improper that such consolidation should take place as an arrangement between the complainants in the two bills, to effect an object the result of which may and will likely be prejudicial to the rights and interests of some of the parties defendants.

The bill filed by Dunkinson against Birdseye had been taken *pro confesso,* and a decree passed thereon for the sale of the property in controversy. After this decree, but before the sale had taken place, McCann filed his bill, to which both Dunkinson and Birdseye are made defendants, and wherein is strongly controverted the claim set up by Dunkinson, and an injunction was prayed and granted, restraining the trustees, under the decree passed on Dunkinson's bill, from proceeding to make the sale. To the bill filed by McCann, Dunkinson answered, and, by his answer, denies and controverts the claim set up by McCann. It is also shewn that there are other parties, who are made defendants to McCann's bill, asserting claims to and against the property, which may be found to be superior to the rights and claims, whatever they may be, of either Dunkinson or McCann.

It was in this condition of proceedings that the petition of McCann was filed on the 11th of August, 1871, stating that an arrangement had been entered into by the litigating parties, subject to the approval of the Court, whereby the two causes should. be consolidated, the injunction dissolved, and a new decree passed in the case of *Dunkinson vs. Birdseye,* modifying the original decree passed therein, by associating another trustee with the two already appointed. On the same day of filing this

petition, Dunkinson answered it, and, while altogether denying the claim of McCann, he assented to the arrangement stated in the petition. Thereupon, forthwith, without further inquiry, and without the assent of, or hearing from, the other parties interested, the orders of the 11th of August, 1871, were passed; the first, being entitled as in the case of *McCann vs. Dunkinson et al.*, consolidating the two causes, and dissolving the injunction; and the second, entitled as in the case of *Dunkinson vs. Birdseye*, modifying the original decree as proposed. To this last order was added a clause to the effect that the sale to be made should pass the title of all the parties to the two causes, and that the purchaser should acquire a title to the estate sold, free, clear and discharged from all claim of any or all of the parties to both of the causes so consolidated.

These orders were passed without the knowledge or consent of the appellants, and being non-residents, before they were required by the terms of the order of publicacation against them, to appear and answer the bill to which they were defendants. They were therefore, without an opportunity of disclosing the nature of their claim and title, and of resisting the passage of the orders in question.

On filing their answer, which was in due time, the appellants, as did several of the other defendants, filed their petition, praying that the previous order or decree of the 11th of August, 1871, modifying the original decree of sale, should, for the reasons therein stated, be rescinded; but that petition, and the petitions of the other defendants, were all by the order of the 21st of September, 1871, dismissed with costs; and the trustees were directed to proceed with the sale. From this last order, as well as from the two preceding orders of the 11th of August, 1871, an appeal has been taken, and consequently all those orders are before us for review.

It is contended, on the part of the appellees, that the modified decree of sale, of the 11th of August, 1871, was passed under and by virtue of the power given by the 129th section of the 16th Article, of the Code, authorizing the Court to pass an order of sale before final hearing; and though professing to be a modification of the final decree of sale passed on taking the bill of *Dunkinson vs. Birdseye, pro confesso*, yet it is but an interlocutory order of sale; such as is contemplated by the section of the Code referred to. There is some difficulty, however, in saying that such is its real character. It does not profess to have been passed under the particular section of the Code relied on, nor was there any proof taken to clearly satisfy the Court that a sale would certainly have to be decreed on the final hearing of the cause, to which the appellants were parties; and if such sale has not been shewn to be the necessary result of the final hearing of that case, certainly the appellants have cause of complaint that they were without their knowledge and consent, by means of the consolidation thrust into another case, to be made subject to and bound by an existing decree, based upon the allegations of a bill taken *pro confesso*, and to which they were not parties. From the manner in which the original decree came to be modified, it is manifest that it was intended that such original decree should be preserved and made effectual, with the modification incorporated into it; and that the right and power of sale should rest rather on the allegations of Dunkinson's bill taken as confessed, than on any evidence that might be offered, that a decree of sale would certainly and necessarily be passed on final hearing of the case of McCann.

But even if the appellees were correct in contending that the order of sale was intended to be made in the exercise of the power and discretion given by the Code,

Art. 16, sec. 129, still we are very decidedly of the opinion that the circumstances of this case were not such as to justify the exercise of the power.

The power referred to, is one of an extraordinary character, and should never be exercised except in very plain and unquestionable cases. Indeed, it should plainly appear beyond reasonable doubt, either by proof or from the very nature of the case itself, that a sale must inevitably be decreed on final hearing, to justify the passing of the interlocutory order ; especially if applied for by the complainant only, and before the appearance and answer of the defendants who may be affected by the sale. It is true, there may be cases where such an order would be proper even before the appearance and answer of the defendants ; but this can only be the case where, from the nature of the proceedings and the evidence disclosed by them, the Court can see with *certainty* that the final decree in the cause will require the property to be sold ; and not only that it will be required to be sold as the proper, direct or ultimate relief prayed, but there should exist a necessity for an immediate sale. And even in the most pressing cases, where it is practicable or possible, all parties who may be affected by the sale, should have an opportunity to be heard, and to shew cause against it, before the order is passed. Otherwise, great injustice might frequently be done in the exercise of this power, which was intended to be exercised not for the benefit of one party only, but for the benefit and protection of all concerned.

As the appellants were not allowed a reasonable opportunity to resist the passage of the orders of the 11th of August, 1871, and the orders themselves, under the circumstances disclosed, not appearing to be proper as against the appellants ; and as their application to have the order of sale rescinded was improperly dismissed, we shall

reverse the several orders appealed from, with costs, and remand the cause for further proceedings.

> *Orders reversed, and*
> *cause remanded.*

(Decided 13th December, 1872.)