W. M. STEWART, Adm'r, *v.* THOS. R. LOVE.

CHANCERY PRACTICE AND PLEADINGS. *Lien on live chattel. Sale in advance of final hearing.* Under a bill filed to enforce an alleged lien on a live chattel which remains in possession of the defendant, the court has no power, upon motion of the complainant, to order a sale of the chattel in advance of the final hearing, upon the ground that its value may otherwise be lost to the complainant.

---

FROM SUMNER

---

Appeal from the Chancery Court at Gallatin. G. E. SEAY, Ch.

MUNDAY & ELKIN for complainant.

J. J. TURNER for defendant.

COOPER, J., delivered the opinion of the court.

This bill was filed to enforce an alleged lien for the purchase money reserved by parol on a horse sold by the complainant's intestate to the defendant. The chancellor rendered a decree in favor of complainant for the purchase money, declaring a lien on the horse for the debt, and ordering a sale of the horse in satisfaction thereof. The defendant prayed an appeal to this court, which was granted upon his giving bond, or taking the oath prescribed for poor persons, within a limited time, and he has since perfected the appeal by taking the oath. After the prayer of appeal, but before appeal perfected, the complainant moved the

chancellor to order a sale of the horse, upon the
ground that the lien was established by the proof and
decree, that the horse was over fourteen years of age,
that to place the horse in the hands of a receiver
would be attended with an expense equal to his value,.
and that the horse would probably be lost pending
the appeal. The chancellor refused the motion. The
motion is now renewed in this court upon substan-
tially the same ground, with the additional fact that
the appeal is under the pauper oath. If the motion
be considered as in substance a motion to revise the
chancellor's action in the same matter, it could not be
entertained for the reason given in *Scoggins* v. *Cowden,*
1 Lea, 134. Treated as an original motion, it is
precisely as if it had been made in the court below
before decree, the decree being vacated by the appeal,
with the additional difficulty that the jurisdiction of
this court is "appellate only." The property is and
has been in the possession of the defendant, not of
the court, and to have ordered a sale before decree
would have been to have decided the case before the
hearing. We do not understand that any such right
exists in the court. *Cornell* v. *McCam,* 37 Md., 89.
When the property is in the custody of the court,
the court is compelled to act for both parties, not at
the instance and for the benefit of one party only, and
may, in extreme cases, where it is satisfied that a sale
must eventually be made, order such sale in advance.
*Gleaves* v. *Ferguson,* 2 Tenn. Leg. Rep., 25. But
where the property is held by one of the parties, not
by the court, and the other litigant applies for an or-

der of sale because he thinks the sale would be to his interest, we are not aware of any principle on which the application can be sustained. And to ask an appellate court to determine the merits of a litigatiou for this purpose in advance of the final hearing is certainly without a precedent.

The motion must be disallowed.