Joseph M. Kelly and Samuel A. Martin, trading as Kelly & Martin vs. James L. Gilbert and A. Frank Gilbert, trading as J. L. Gilbert & Bro.

*Proceedings in Equity—Article 16, section 192, and Article 63, section 25, of the Code—Mechanics' liens—Decree in rem.—Amendment—Costs.*

A bill in equity was filed by certain mechanics' lien claimants on behalf of themselves and all other such claimants, against the owner of certain houses in course of construction, and all judgment creditors of said owner; alleging that said owner was embarrassed financially and had abandoned said houses, leaving no one in charge, and that the property was exposed to the elements, and liable to vandalism; and in view of the fact that the property must necessarily be sold to pay the lien claims against it, they prayed that a receiver or receivers be appointed to take charge of the property, and that a decree be passed at once for its sale and the distribution of the proceeds among the parties entitled. On the same day the bill was filed, the owner appeared voluntarily, and filed his answer, admitting the allegations of the bill, and consenting to the appointment of receivers, and to a decree for the sale of the property; and on the same day an order or decree was passed for the sale of the property, before the other defendants had an opportunity to appear and show cause, if any they had, why a decree should not have been passed. The authority of the Court to pass the interlocutory order or decree for the sale of the property was based upon section 192 of Article 16 of the Code, which provides, that "in all cases where a suit is instituted for the sale of real or personal property, or where from the nature of the case a sale is the proper mode of relief, the Court in its discretion may order a sale of the property before final decree, if satisfied clearly by proof that at the final hearing of the case, a sale will be ordered, and order the money arising from such sale to be deposited or invested, to be disposed of as the Court shall direct by final decree." Held:

1st. That the operation and effect of such an order of sale is not to settle or adjudge the rights of the parties, but to convert the property into money when the Court is satisfied that a sale will

Kelly and Martin *vs.* Gilbert.

ultimately be decreed, and shall, in its discretion, consider such a course necessary for the preservation of the property, and the protection of the rights and interests of the parties litigant.

2nd. That the power thus conferred is one of an extraordinary character and should never be exercised except in very plain and unquestionable cases; and even in the most pressing cases, where it is practicable or possible, all parties who may be affected by the sale should have an opportunity to be heard, and to show cause against it before the order is passed.

3rd. That the bill, and the answer of the owner, under the circumstances disclosed, furnished no such proof as the statute required.

4th. That if an appeal had been taken from the decree or order for the sale of the property, this Court would have had no hesitation in holding that it was erroneously and improvidently passed.

The bill of the complainants to enforce the payment of their lien by a sale of the property was filed under section 25 of Article 63 of the Code, which provides that "if the proceeding is by bill in equity the same proceedings shall be had as used by Courts of equity to enforce other liens, and the Court shall decree a sale, and appoint a trustee to make sale thereof, and shall apportion the proceeds of such sale among the persons entitled to liens according to their respective rights." No appeal was taken from the decree, and the property was sold by the trustees, and the sale was finally ratified, without objection by any of the parties in interest. Notice by publication having been given by the trustees in pursuance of an order by the Court, all the mechanics' lien claimants, with the exception of the firm of K. & M., filed their claims, thereby assenting to the decree for the sale of the property. K. & M. having refused to file their claims, the complainants filed a petition for leave to amend their bill by making them defendants. Upon this petition leave to amend was granted, and *subpoena* issued. On appeal by K. & M. from a *pro forma* decree of the Court below refusing to strike out the order making them defendants, and refusing to quash the writ of *subpoena*, it was HELD:

1st. That the proceeding under section 25, of Article 63 of the Code is in the nature of a proceeding *in rem.*, and when the property is sold under a decree passed in the cause, it is sold free and discharged of all mechanics' lien claims, the proceeds of sale being apportioned among the persons entitled to such liens according to their respective rights.

2nd. That notice having been given to all claimants to file their respective liens, if the appellants refused to file their claims the Court could have proceeded to apportion the proceeds of sale among such persons as had filed their liens, and the only remedy left to the appellants to enforce the payment of their claim was a proceeding *in personam* against the owner.

3rd. That the fact that the bill was amended by making the appellants parties, furnished no ground of complaint on their part.

4th. That the order or decree for the sale of the property was an interlocutory order, and passed merely for the protection of the property, and for the interests of all parties concerned, and until there was a final decree, determining the rights of the parties and distributing the proceeds of sale, the bill was open to amendment by leave of the Court.

5th. That as the bill was evidently filed with the concurrence of the owner, who knew the parties holding mechanics' lien claims against the property, by proper inquiry their names could have been ascertained by the complainants; and as no such inquiry was made, and none of said claimants were made parties to the bill, and no opportunity was afforded them to show cause why the decree should not have been passed, the complainants were mainly responsible for the litigation; and although the *pro forma* decree appealed from must be affirmed, the costs will be equally divided between the parties.

APPEAL from the Circuit Court No. 2, of Baltimore City.

The bill in this case was filed by the appellees to enforce a mechanics' lien. At a subsequent stage of the proceedings the bill was amended by making the appellants parties defendants. The appeal is taken from a *pro forma* decree of the Court below, (WICKES, J.,) refusing to strike out the order making the appellants parties, and refusing to quash the *subpœna* served upon them. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, BOYD, and BRISCOE, J.

*James McColgan* for the appellants.

*George R. Willis,* (with whom was *Ferdinand C. Dugan,* on the brief,) for the appellees.

ROBINSON, C. J., delivered the opinion of the Court.

The complainants having furnished to the defendant, the owner, all the lumber used by him in the erection of ten brick dwelling-houses situate on the southwest side of Madison avenue, this bill was, on the 11th of November, 1891, filed on behalf of themselves, and on behalf of all other mechanics' lien claimants, for a sale of the property to pay and satisfy said liens. It alleges that the defendant, by reason of his financial embarrassments, was unable to proceed further with the erection of said houses,—that other persons claim to have mechanics' liens against the property, their names and the amount of said claims, being unknown to the complainants; and that, in addition to these liens, certain creditors of the defendant, all of whom are named and made parties defendants, have obtained judgments against him, but that these judgments are subject and subordinate to the lien claims of the complainants, and of all other persons having mechanics' lien claims against the property.

The bill further alleges that, the owner having abandoned the houses, with no one in charge of them, they are exposed to the elements, and are liable to vandalism, thereby subjecting the complainants and other lien claimants to loss and injury; and that, in view of the fact, that the property must necessarily be sold to pay the lien claims against it, they pray that a receiver or receivers may be appointed to take charge of the property, and that a decree may be passed at once for the sale of the same, and the proceeds thereof may be distributed among the parties entitled, according to their respective rights and priorities. They also pray that

the writ of *subpœna* be issued for the judgment creditors named as parties defendants.

On the same day the bill was filed, the defendant Robinson, the owner, appeared voluntarily and filed his answer, admitting the allegations of the bill, and consenting to the appointment of receivers, and a decree for the sale of the property; and on the same day an order or decree was passed for the sale of the property. It thus appears that both the bill, and the answer of the owner were filed, and the decree was passed, *all on the same day, and before the other defendants had an opportunity* to appear and show cause, if any they had, why a decree should not have been passed.

The authority of the Court to pass the interlocutory order or decree for the sale of the property in question, is based upon section 192 of Article 16 of the Code, which provides that, "In all cases where a suit is instituted for the sale of real or personal property, or where from the nature of the case a sale is the proper mode of relief, the Court in its discretion may order a sale of the property before final decree, if satisfied clearly by proof that at the final hearing of the case, a sale will be ordered, and order the money arising from such sale to be deposited or invested, to be disposed of as the Court shall direct by the final decree."

"The plain intent and object of this provision," we have heretofore said, "is to empower the Court, in any case coming within its operation, to order a sale before the rights of the parties have been determined by final decree. The operation and effect of such an order is not to settle or adjudge the rights of the parties, but to convert the property into money when the Court is satisfied that a sale will ultimately be decreed, and shall, in its discretion, consider such a course necessary for the preservation of the property, and the protection of the rights and interests of the parties litigant." *Dorsey's Lessee vs. Garey,* 30 *Md.,* 489.

And we have also said, that the power thus conferred "is one of an extraordinary character, and should never be exercised except in very plain and unquestionable cases. * * * And even in the most pressing cases, where it is practicable or possible, all parties who· may be affected by the sale, should have an opportunity to be heard, and to show cause against it, before the order is passed. Otherwise, great injustice might frequently be done in the exercise of this power, which was intended to be exercised not for the benefit of one party only, but for the benefit and protection of all concerned." *Cornell & Johnson vs. McCann and others*, 37 *Md.*, 99.

Now, in this case the property sold consisted of *ten brick dwelling-houses*, and the decree was passed *solely upon a bill filed by one lien claimant, and the answer of the defendant the owner of the property*, and before the other defendants against whom *subpœna* was prayed, had the opportunity to appear and answer, although they all resided in the City of Baltimore, and within the jurisdiction of the Court. We cannot agree that the bill, and answer of the owner, under such circumstances, furnish such proof as the statute requires. To so hold would be to put it in the power of one lien claimant, and the owner to procure a decree by collusion for the sale of the property, to the prejudice and injury of other claimants; and, if an appeal had been taken from the order or decree for the sale of the property, we should have had no hesitation in holding that it was erroneously and improvidently passed. No appeal, however, was taken from the decree. On the contrary, the property was advertised and sold by the trustees, and the sale was duly reported, and on the 11th of January, 1892, it was finally ratified, no objection to its ratification having been made by any of the parties in interest. Further than this, notice by publication having been given by the trustees, in pursuance of an order by the Court, *all*

*the mechanics' lien claimants*, with the exception of the appellants, filed their claims, thereby assenting to the decree for the sale of the property, and agreeing to take their *pro rata* distribution of the proceeds of sale. The appellants having refused to file their claim, the complainants, on the 1st of March, 1892, filed a petition alleging that their bill was in the nature of a creditors' bill for the enforcement of their mechanics' lien claim, and that all persons holding mechanics' lien claims against the property have filed the same with the exception of the appellants, their claim having been filed of record in the clerk's office of the Superior Court of Baltimore City after the filing of complainants' bill, and after the sale of the property by the trustees; and, the trustees being desirous of making distribution of the proceeds of sale among the several lien claimants, the petitioners pray that their bill may be amended by making the appellants parties defendants, and that a *subpœna* may issue, &c. Upon this petition, leave to amend was granted, and *subpœna* was issued as prayed.

In answer to this petition the appellants say that they are entitled to a mechanics' lien against the property sold; that no process was issued against them when the bill was filed, nor was any opportunity afforded them to protect their rights; that it is now too late, after the decree and sale of the property, to make them defendants; and they pray that the order making them defendants be stricken out, and the *subpœna* thereby issued be quashed, in order that they may have an opportunity to proceed against the property if necessary, and in such manner as they may be advised.

And this appeal is taken from a *pro forma* decree of the Court below, refusing to strike out the order making the appellants defendants, and refusing to quash the writ of *subpœna.*

Now, the bill of the complainants to enforce the payment of their lien by a sale of the property, was filed

under section 25 of Article 63 of the Code, which provides that "if the proceeding is by bill in equity the same proceedings shall be had as used by the Courts of equity to enforce other liens, and the Court shall decree a sale and appoint a trustee to make sale thereof, and shall apportion the proceeds of such sale among the persons entitled to liens according to their respective rights." The proceeding is in the nature of a proceeding *in rem,* and when the property is sold, under a decree passed in the cause, it is sold free and discharged of all mechanics' lien claims, the proceeds of sale being apportioned among the persons entitled to such liens according to their respective rights. It is proper and necessary, of course, that notice should be given to all claimants to file their respective liens, and such notice, it appears, was given in this case; and, if the appellants refused to file their claim, the Court could have proceeded to apportion the proceeds of sale, among such persons as had filed their liens. In such a case, the only remedy left to the appellants to enforce the payment of their claim, was a proceeding *in personam* against the owner. If a claimant could enforce his lien, which is a mere statutory lien, against the property after it has been sold under a decree, no purchaser would be safe in buying the property. So, it was quite unnecessary for the complainants to have amended their bill by making the appellants parties. The fact that it was so amended furnishes no ground of complaint on their part. The order or decree for the sale of the property was, as we have said, an interlocutory order, and passed merely for the protection of the property, and for the interests of all parties concerned. And, such being the case, until there was a *final* decree determining the rights of the parties, and distributing the proceeds of sale, the bill was open to amendment by leave of the Court. As to the question of costs, it does seem to us, that the com-

plainants, now appellees, are mainly responsible for this litigation. This bill, it is plainly evident, was filed by them with the concurrence of the owner. He knew the parties holding mechanics' lien claims against the property, and by proper inquiry their names could have been ascertained by the complainants. No such inquiry was made, and none of the lien claimants were made parties to the bill, and no opportunity was afforded them to show cause why the decree should not have been passed. And such being the case, although we are obliged to affirm the *pro forma* decree appealed from, the costs ought, we think, to be equally divided between the parties.

*Decree affirmed.*

(Decided 12th January, 1894.)