# MINNIE B. WENZEL *vs.* INDA J. MILBURY ET AL.

*Effect of Statement of Fact in Order Appealed Against—Hearing of Motion to Dissolve Injunction Upon Bill and Answer—Finality of Order—Bill to Restrain Execution Sale.*

The statement of counsel on appeal that an order dissolving an injunction was passed without notice, will not be allowed to prevail against the statement in the order itself that it was passed after a hearing.

When the sworn answer to a bill for an injunction is responsive thereto, denying the allegations upon which its equity rests, and the cause is heard upon bill and answer, a preliminary injunction, previously granted, should be dissolved.

Upon a bill to restrain the execution sale of certain goods upon the ground that the goods were the property of the plaintiff in the bill and not of the defendant in the execution, the Court passed an order dissolving a preliminary injunction and directing the sheriff to sell the goods but to retain the proceeds of sale to abide the further order of the Court, the goods in question being liable to depreciation by delay. *Held*, that no appeal lies from this order, since it does not finally determine the rights of the parties.

Plaintiff's bill alleged that the defendants had seized under an execution against a third party certain goods which had been conveyed to plaintiff by bill of sale. A large part of the goods seized were not covered by the bill of sale. *Held*, that a preliminary injunction restraining the sale generally was properly dissolved when the motion to dissolve was heard upon bill, exhibits and answer.

Appeal from an order of the Circuit Court of Baltimore City (HARLAN, C. J.)

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*C. Dodd McFarland* (with whom was *Peter J. Campbell* on the brief), for the appellant.

*G. W. S. Musgrave* (with whom was *M. Sonnehill* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

The bill in this case was filed in the Circuit Court of Baltimore City on the 10th of July, 1900, by the appellant, Minnie B. Wenzel, for an injunction to restrain the appellees, Inda J. Milbury, trading as The Milbury Atlantic Supply Company, and John B. Schwatka, Sheriff of Baltimore City, from further proceeding on an execution issued on a judgment obtained in the Superior Court of Baltimore City by the appellee, the Milbury Atlantic Supply Company, against James F. O'Hara, the defendant in the judgment. On the same day the appellant obtained an order directing a preliminary injunction to be issued as prayed upon the filing of a bond by the plaintiff, with the usual leave to the defendants to move for its dissolution, after answers filed and in giving the usual previous notice to the plaintiff of the motion to dissolve.

The bill states that the goods and chattels levied upon to satisfy the judgment do not belong to the defendant in the judgment, but are the property of the plaintiff, Wenzel, she having purchased them of the defendant on the 7th of August, 1899, by a bill of sale which is filed as an exhibit in the case. The defendants answered the bill on the 28th of July, 1900, denying the allegations contained therein and averring that the bill of sale was executed for the express purpose of preventing the defendant company from collecting its debt; that it was not given, executed or recorded until the defendant company began the collection of its debt; that it was without consideration and was given for the purpose of hindering, delaying, and defrauding the defendant company and the other creditors of James F. O'Hara.

On the 28th of July, 1900, the same day on which the defendants answered the bill they filed a petition in the case, alleging among other things that although a reasonable time had elapsed for the filing of a bond required by the order for an injunction, no bond had been furnished by the plaintiff, and the writ of injunction as prayed for had not issued against the defendant; that the delay in giving the bond, hindered, delayed and materially damaged the petitioners, " because the

property levied upon consists of bathing suits and appurte-
nances, which, unless sold during the current season, and be-
fore it is too far advanced, will realize little or nothing, and it
is of great importance that said property be sold at the earliest
possible moment;" that simultaneously with the plaintiff's
application for an injunction she instituted suit at law in the
Baltimore City Court against these petitioners claiming $5,000
damages for the seizure and taking away of this property under
execution, and they are advised that the suit in equity should
be dismissed, unless the bond required by the order be fur-
nished without delay. The prayer of the petition is that the
plaintiff, Wenzel, elect which of the two actions she will prose-
cute and for such other relief as the petitioners may be en-
titled to.

It further appears that subsequently the plaintiff, on the 7th
day of August, filed an approved injunction bond, and on the
same day an injunction issued as had been directed by the
previous order of the Court, dated the 10th of July, 1900.

On the 11th of August, 1900, the following order was passed
by the Circuit Court of Baltimore City. " This matter com-
ing up for a hearing of the question of dissolving the injunc-
tion ordered to be issued in this cause, and whereas at the
time of the filing of the answer of the defendants in said cause
no bond had been filed; and no injunction had been issued,
the sheriff proceeded to advertise the sale of the property on
the writ of *fieri facias* referred to in the bill filed in this case,
and no bond having been filed within the period of thirty days
from the time of the order for an injunction was passed in this
case. It is hereby ordered and decreed by this Court on this
11th day of August, 1900, that the order of this Court passed
as above, in so far as it restrains John B. Schwatka, Sheriff,
from further execution of the *fieri facias* issued in the case re-
ferred to in the bill filed in this cause, be, and the same is
hereby rescinded, and he is hereby permitted to proceed with
the sale of the property levied thereunder, but he is hereby
directed to retain the net proceeds of said sale in his possession.

and not pay any portion thereof to the defendant in this case until the further order of this Court.  Henry D. Harlan."

And it is from this order this appeal has been taken.

The appellant contends that the order of the 11th of August, 1900, from which this appeal has been taken was erroneously passed, because it was passed without notice to the appellant and without motion to dissolve and without a hearing on the application for a dissolution of the injunction which had been issued in the case.  The appellee, on the other hand, contends in his brief that the order was passed " upon hearing upon the petition and motion to dissolve the injunction, the Court rescinding the order for an injunction, in so far as it restrained the sale, but continued it in effect over the proceeds of sale by directing the same to be held subject to the further order of the Court."

We must be controlled by the statement of fact as contained in the record and must take the record as it is presented. JUDGE HARLAN, who passed the order in the case below, makes use of this language "this matter coming up for a hearing of the question of dissolving the injunction ordered to be issued in this cause, &c."  This statement must be considered by us as correct, and is therefore conclusive of the fact that the question of the dissolution of the injunction was heard by the Court below in the regular and proper mode.  In the case of *Maryland Ice Company* v. *Arctic Ice-Machine Manufy. Co.*, 80 Md. xviii (unreported case) (30 At. Rep. 633), we said, this Court has never consented in any case to allow the statement of counsel to prevail against the official declaration of a Judge in the discharge of his public duties, especially when these declarations constitute a material part of the record, or as in this case form a part of the very opinion of the Court below brought into this Court to be reviewed.  *Fersner* v. *Bradley*, 87 Md. 488.

Looking then to the case as presented by the bill, exhibit and answers, was the plaintiff entitled to a continuance of the injunction?  It is the established practice in this State, that when a case, according to the record here, is heard on a bill,

exhibit and answers, the answers are regarded and taken for true, so far as they are responsive to the bill. *Hardy* v. *Summers,* 10 G. & J. 317; *Webster* v. *Hardisty,* 28 Md. 592. In the present case the answers having expressly denied all the facts stated in the bill, and the equity of the bill having been sworn away, the order was properly passed by the Court.

But, apart from this, we do not find from an examination of the bill and exhibit in this case that the plaintiff was entitled to the injunction when it was granted. The bill of complaint does not allege, nor does the exhibit filed with it show that plaintiff's title to the goods and chattels in controversy, is prior in date to the appellees judgment claim. It also appears that a large number of the articles taken by the sheriff under the levy and which the injunction restrained him from selling are not conveyed by the bill of sale upon which the appellant bases his claim.

But, even if the contention of the appellant be conceded, we fail to find wherein her rights have been injured or impaired. The order of the 11th of August, 1900, only rescinded the previous order in so far as it restrained the sale of the goods and chattels, but continued it over the proceeds of sale until the further order of the Court. The effect of this order was not to settle the rights of the parties, but to convert the property into money and the money to be regarded as a substitute for the property. The authority of the Court to pass such an order under the petition filed by the appellees on the 28th of July, 1900, to prevent a depreciation of the property and to protect the interest of all parties concerned, cannot at this date be questioned. *Dorsey's Lessee* v. *Garey,* 30 Md. 489; *Cornell* v. *McCann,* 37 Md. 89; *Kelly* v. *Gilbert,* 78 Md. 431. Until then, there is a final decree determining the rights of the parties and distributing the proceeds of sale the plaintiff can be heard in the Court below as to her rights and as to her title to the property alleged to be acquired by the bill of sale, filed as an exhibit in this case.

Finding no reversible error, the order of the Court below will be affirmed.

*Order affirmed, with cost.*

(Decided June 12th, 1901.)