# THE GEORGE LONG CONTRACTING COMPANY *vs.* ANTON J. ALBERT.

*Decrees; before enrollment; modification and correction; by petition; not by original bill. Mechanics' lien; priority; notice; decree to enforce—; effect of—; not open to collateral attack.*

Until enrolled, decrees are under the control of the Court and may be revised, modified and revoked upon proper grounds shown.                              p. 114

Before enrollment the proper method for correcting errors in a decree is by a petition in the same proceeding for a rehearing, and not by original bill; after enrollment an original bill must generally be resorted to.                              p. 114

A mechanics' lien claim, filed and recorded under the mechanics' Lien Laws, Article 63, Code Public General Laws, may be enforced by a decree in equity in the same manner that equity enforces other liens, by the Court decreeing a sale and appointing a trustee to make the sale and apportion the proceeds among the parties entitled according to their respective rights.                              p. 114

Where a mechanics' lien attaches prior to a judgment debtor's claim, the former is the superior claim and one who purchases under a *scire facias* to enforce the judgment has notice of the lien and purchases subject to it.                              p. 114

A proceeding in equity to enforce a mechanics' lien claim is in the nature of a proceeding *in rem,* and when the property is sold under a decree passed in the case, it is sold free and discharged of all mechanics' lien claims, the proceeds of sale being apportioned among the persons entitled thereto.   p. 115

The validity of the mechanics' lien claim is established for the purposes of the decree, and it can not be disturbed or the decree attacked in a collateral proceeding.                              p. 115

*Decided June 22nd, 1911.*

Appeal from the Circuit Court for Baltimore County, sitting in equity (DUNCAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*George Washington Williams* and *Robert H. Simpson,* for the appellant.

*Charles Herzog* (with whom was *Arthur Herzog,* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, overruling a demurrer to a bill of complaint, filed by the appellee against the appellant, and others, and granting an injunction against the defendants until the further order of the Court.

It appears from the record that the appellee on the 22nd day of June, 1909, obtained a judgment for the sum of $1,048.44, in the Superior Court of Baltimore City, against a certain Elizabeth Leaverton, now Elizabeth Gerock, and under a writ of *fieri facias* dated August 22nd, 1910, directed to the sheriff of Baltimore county, nine lots of ground, with improvements, owned by the defendant, the judgment debtor, and situate on the east side of Sixth street, in Highlandtown, Baltimore county, were levied upon to satisfy the debt and cost of the judgment.

On the 18th day of October, 1910, six of these lots were sold, at sheriff's sale, and purchased by the appellee, and subsequently on the 9th day of November, 1910, they were by a sheriff's deed duly conveyed to him.

It further appears that on the 16th day of August, 1910, the appellant, the George Long Contracting Company, filed for record with the clerk of the Circuit Court for Baltimore County, a mechanics' lien claim for the sum of $228.75, for material furnished in the erection of the houses, on these

lots, and on the 22nd of Nov., 1910, the Circuit Court
of Baltimore County, under proceedings to enforce the pay-
ment of this and certain other mechanics' liens (*Johns Hop-
kins Hospital* v. *Gerock*), decreed that the property here in
dispute should be sold, and appointed trustees to make such
sale.

The grounds of relief set up here in the bill consist of
alleged errors in the mechanics' lien proceedings, such as
want of proper parties, defects and insufficiency in the
alleged lien claim of the appellant, and the failure of the
decree to bind the property purchased by the appellee, and
other alleged errors apparent upon the face of the proceed-
ings.

The prayer of the bill is, first, that the decree passed in
the mechanics' lien proceedings be reformed and amended
by eliminating therefrom and striking out of the decree all
direction and authority to sell and offer for sale, the six
lots of ground and improvements, purchased at sheriff's sale
by the appellee; second, that the defendants, including the
trustees named in the decree, be enjoined and restrained
from selling or otherwise disposing of the lots purchased
by the appellee, and third, a prayer for general relief in
equity.

We think the learned judge below committed an error in
overruling the demurrer, and in granting an injunction
restraining the sale by the trustees, under the facts alleged
in the bill, in this case.

Conceding there was sufficient ground for re-opening and
modifying the decree in the mechanics' lien proceedings
(the *Johns Hopkins Hospital* v. *Elizabeth Gerock*), sought
to be reformed, the alleged errors and defects were such as
to be revised and corrected by a petition for a rehearing and
not by original bill. The decree attacked here was passed
on the 22nd day of November, 1910, and the bill of com-
plaint was filed on the 3rd day of December, 1910. The
decree at that date had not been enrolled, and was subject
to the control of the Court, until enrolment. It is provided

by section 177, Article 16, of the Code, that all final decrees and orders in the nature of final decrees shall be considered as enrolled from and after the expiration of thirty days from the date of the same, the day of the date inclusive.

There can be no question, that until enrollment, such decrees are entirely under the control of the Court, and may be revised, modified or revoked upon proper grounds shown. It is well settled, however, that a petition filed in the same proceedings, for a rehearing, and not an original bill, is the proper method of correcting, before enrollment, errors in a decree, not merely clerical or accidental. An original bill, is usually resorted to, after an enrollment of the decree. *Cherbonnier* v. *Goodwin,* 79 Md. 55; *Zimmer* v. *Miller,* 64 Md. 296; *Trayhern* v. *Nat. Mec. Bank,* 57 Md. 590; *Thurston* v. *Devecmon,* 30 Md. 210; *Aukam* v. *Zantzinger,* 94 Md. 425; *Code,* Art. 16, sec. 179.

But apart from this, we do not find from an examination of the allegations of the bill in this case, that the appellee was entitled to an injunction when it was granted.

The appellants' lien claim was filed and recorded under our *Mechanics' Lien Laws,* Article 63 of the Code, and this law, authorizes the enforcement of a lien claim by a decree in equity. Section 25 of that article provides that the same proceedings are had as used by the Courts of equity to enforce other liens and the Court shall decree a sale and appoint a trustee to make sale thereof and shall apportion the proceeds of such sale among the persons entitled to liens according to their respective rights. *Kelly* v. *Gilbert,* 78 Md. 431; *Trustees* v. *Heise,* 44 Md. 453.

The appellants' lien claim attached prior in date to the appellee's judgment claim, and the latter purchased the property with notice of the lien claim.

In *Maryland Brick Co.* v. *Spilman,* 76 Md. 337, this Court adopted the language of the Supreme Court of Texas, in *Lyon* v. *Logan,* 68 Texas, where it is said, This rule operates no hardship on the owner of the property or persons who purchased from him with notice of the lien. A purchaser buys with his eyes open, and if he voluntarily purchases prop-

erty which he knows is encumbered, he can not complain if it is subjected, in his hands, to the payment of the debt for which its former owner has made it responsible.

The Code, section 15, Article 63, distinctly provides that the lien given, shall be preferred to all mortgages, judgments, liens and encumbrances which attach upon the building or the grounds covered thereby subsequently to the commencement thereof.

The authority of the Court to pass such a decree, as was passed in the Mechanics' lien proceedings in this case can not be questioned, and the effect of this decree, until reversed was to settle and determine the rights of the parties, in so far as the mechanics liens were concerned.

In *Kelly* v. *Gilbert,* 78 Md. 431, it is said, the proceeding is in the nature of a proceeding *in rem,* and when the property is sold, under a decree passed in the cause, it is sold free and discharged of all mechanics' lien claims, the proceeds of sale being apportioned among the persons entitled to such liens according to their rights.

The validity of the appellants' lien was established for the purposes of the decree, and it can not be disturbed or the decree attacked, in a proceeding of this character upon the grounds alleged in the bill of complaint, by one holding a lien like that of the appellee.

It follows, for the reasons stated, that the decree of the lower Court will be reversed, and the bill dismissed with costs.

> *Decree reversed and bill dismissed, with costs.*