STATE OF MARYLAND, TO THE USE OF GEORGE WASH-
INGTON WILLIAMS, ROBERT H. SIMPSON AND THOMAS
B. HULL, TRUSTEES, THE GEORGE LONG CON-
TRACTING COMPANY, AND THE JOHNS
HOPKINS HOSPITAL, A BODY
CORPORATE.

*vs.*

ANTON J. ALBERT AND THE FIDELITY AND
DEPOSIT COMPANY OF MARYLAND,
A BODY CORPORATE.

*Trustees : appointed by Court to make sales; title; mere hand of
Court; no interest in proceeds; injunction to restrain sale;
suit on injunction bond.   Pleading at law: declara-
tions; too many, or too few parties; when
ground for demurrer.*

Where a trustee is appointed by decree of a court of equity
to make a sale of property, the sale is a transaction between
the Court and the purchaser.                        p. 225

The Court in such a case is the vendor, and the trustee is
merely the Court's agent to carry the order into effect.   p. 225

The trustee has no title, by virtue of his office, to the prop-
erty decreed to be sold, and no interest as to the proceeds of the
sale.                                              p. 225

And in order for the Court to stop such a trustee from making the sale, it is not necessary for the Court to issue an injunction.                           p. 225

Trustees were appointed by a decree of a court of equity to sell property for the purpose of enforcing a mechanics' lien: An injunction was issued to prevent the sale, but on appeal the order for the injunction was 'reversed; and suit on the injunction bond was filed by the trustees for damages suffered by them because of the injunction proceedings and for the deterioration of the property, and for the expenses, etc.; it was *held,* that the trustees were not entitled to recover.                           p. 227

The trustees were not joint obligees with the other equitable plaintiffs on the bond.                           p. 227

The interest of such trustees to the commissions is not a joint interest with that of the other equitable plaintiffs in the suit on the bond.                           p. 227

Where trustees have title to the property to be sold and it is their duty to sue, etc., other principles apply.          pp. 227-228

A declaration filed against defendants with interests so diverse that it is impossible for them to file pleas which would be able to stand the test of a demurrer or which would bring the case to issue, is demurrable.                           p. 228

In an action *ex contractu* where there are too many, or too few, parties, and the effect is apparent on the face of the declaration, a demurrer will lie.                           p. 228

*Decided June 25th, 1913.*

Appeal from the Superior Court of Baltimore City (HEUISLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*George Washington Williams* and *Robert H. Simpson* (with whom were *John Holt Richardson* and *Thomas B. Hull* on the brief), for the appellants.

*Washington Bowie, Jr.,* (with whom was *Charles Herzog* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is a suit on an injunction bond given by the appellee in a proceeding instituted by him against those who are now the equitable plaintiffs to prevent the sale of some lots in Highlandtown, Baltimore County. An injunction was issued and on an appeal from an order overruling the demurrer to the bill of complaint filed in that case, the decree was reversed and the bill dismissed, as is shown by the case of *Long Contracting Co.* v. *Albert,* 116 Md. 111. A demurrer to an amended declaration filed in this case was sustained, and upon the plaintiffs declining to amend, a judgment for the defendants for costs was entered, and from that judgment this appeal was taken.

The declaration alleges that Messrs. Williams, Simpson and Hull were appointed trustees by the Circuit Court of Baltimore County to sell the property, which was advertised for sale by them; that the said Albert filed his bill of complaint against them, the George Long Contracting Company and The Johns Hopkins Hospital, asking that they be enjoined and restrained from selling six pieces of said property, to which bill the plaintiffs in this case demurred and the demurrer being overruled, upon appeal the order was reversed and the bill dismissed. After stating the conditions of the bond, which was given to the State of Maryland, it is alleged: "That the said writ of injunction was not prosecuted with effect nor did the said Anton J. Albert satisfy and save harmless, nor did the said Anton J. Albert pay all costs and damages that were occasioned by the issuing of said writ of in-

junction, whereby this case was brought. That by reason
of the issuing of said injunction these plaintiffs suffered loss
and damages in the depreciation of all of said properties;
and suffered damages by reason of the legal complications in
and notoriety of the said property and title, and the ac-
cumulating expenses upon said property—taxes water rents
and ground rents, and other expenses incidental thereto."

The appellees have suggested several grounds for the de-
murrer, but in the view we take of the case it will not be
necessary to refer to all of them. We cannot understand
upon what principle trustees appointed by a decree of a Court
of Equity to sell property can recover such damages as are
set out in the *narr.,* and are quoted above. So far as the
*narr.* discloses, these trustees were simply appointed to sell
the property, and we are informed by our own records (116
Md. 111, *supra*), that they were so appointed under a decree
to enforce mechanics' liens, but regardless of that there is
nothing to suggest that the title to the property was in any
way vested in them. As is well known, "In the ordinary
case of a trustee appointed by decree to make sale of prop-
erty, the sale is a transaction between the Court and the pur-
chaser; the Court being the vendor, and the trustee merely
the Court's agent to carry its orders into effect. The trustee
has not, by virtue of his office, any title to the property
decreed to be sold, or any interest in it, or in the proceeds
of sale." *Miller's Eq. Proc.* 430. It was not necessary for
the Court to issue an injunction to stop its trustees from sell-
ing, but it could have done so without an injunction. One
of the grounds upon which the case in 116 Md. was decided
was that the decree had not been enrolled and was subject to
the control of the Court.

But the appellants cite authorities outside of this State
and *Wallis* v. *Dilley,* 7 Md. 237, to show that as joint
obligees they were required to unite in the suit. It is not
necessary to refer to authorities out of the State, as these
trustees were not joint obligees, together with the other

equitable plaintiffs in the bond. In *Wallis* v. *Dilley,* the bond was given to the appellees—not to the State and hence it was said by the Court: "It must be observed, that the cause of action here is joint; and that if all the plaintiffs had not united, the declaration would have been subject to demurrer. The obligation is for the payment of one sum to three parties, and they were properly joined as plaintiffs. Had they not been, the defendants might even have availed themselves of the non-joinder upon proof at the trial." The report of the case sufficiently shows that the plaintiffs in that case were the obligees, but to avoid any possible question about it we have examined the record and find that they were, and that the State was not an obligee.

Section 175 of Article 16, Code of 1912, provides that, "When a Court of Equity shall require bond, with or with-out security, to be given in any case, and the parties concerned therein shall be numerous, or if it shall appear for other reasons proper, the Court may take such bond in the name of the State as obligee, and the same may be sued on by any person interested, as public bonds may; and a copy, certified by the clerk of the Court, under the seal thereof, shall be received in evidence, and have the same effect as certified copies of public bonds." In *Le Strange* v. *State, use of Roche,* 58 Md. 26, JUDGE ALVEY, in speaking for the Court, of that section of the Code of 1860 corresponding with the one cited by us, in an action on an injunction bond, said: "Upon a bond thus taken, suit must be brought in the name of the State, as legal plaintiff. But the State in fact has no interest in the bond, and no cause of action can arise thereon until there be a breach of the condition affecting the interest or right of some party legally concerned; and it is only those having an interest in the subject matter of the condition, and for whose benefit the bond is taken, that can put the bond in suit. The name of such party must appear in as-signing the breach, and also the right and interest in respect of which he sues; and this not only that an opportunity may

be afforded to the defendants of meeting and resisting the claim of the equitable plaintiff, but that the bond may not be twice subjected to suit for one and the same cause." In that case Mr. and Mrs. Roche were both enjoined, but the suit on the bond was brought in the name of the State, for the use of Mrs. Roche, by her husband and next friend.

Manifestly there was no necessity for the trustees to unite in the suit as the plaintiffs were not obligees, and suit could be maintained on the bond by any person interested. There is nothing in the *narr.* to suggest that all of the equitable plaintiffs had any joint interest in such damages as are claimed, if it be conceded that they are sufficiently alleged. The only possible way that the trustees might have been affected "by the depreciation of all of said properties" or "by reason of the legal complications in and notoriety of the said property and title" was that they might have received less commissions if the properties did not bring as much as they would have done, had not the injunction been issued, but, without holding that they could sue this bond for that reason, the other equitable plaintiffs had no interest in the trustees' commissions, unless it be to have them as small as possible and thereby get more for themselves. Even if all of the equitable plaintiffs, including the trustees, were equally interested in the costs (although it is not likely that the costs or any part thereof would be imposed on the trustees) there are other grounds for damages alleged that could not possibly have applied to all of them.

The appellants cited *Moale* v. *Buchanan,* 11 G. & J. 314, and *Denton* v. *Denton,* 17 Md. 403, to show that trustees have such an interest in the subject-matter of the trust as entitles them to maintain an action for the protection of the same, but those were not cases of trustees merely appointed to sell by courts of equity, but the titles were in them. Of course there are cases in which it is not only the right, but may be the duty of trustees to sue, but they are not such

trustees as these appellants, who had no title in the property and were simply the agents of the Court.

To show that the objection of misjoinder of parties plaintiff can be raised by demurrer it is only necessary to refer to 1 *Poe,* section 322, where it is said: "It may be stated, as the result of the authorities upon this branch of the law, that wherever there are too many or too few plaintiffs in actions *ex contractu,* the defendant, if the objection is apparent upon the face of the declaration, may demur," etc.   Assuming that the breaches were sufficiently set out in this *narr.* as to some of the equitable plaintiffs, it would have been impossible for the defendants to have filed pleas that could have stood the test of demurrer, and would have brought the case to an issue, so that the claims of the several parties could have been properly litigated in the one case.

Without deeming it necessary to prolong this opinion by more particularly discussing the breaches assigned, or referring to other questions, for the reasons given we will affirm the judgment.

*Judgment affirmed, the equitable plaintiffs to pay the costs.*