WITT ET UX. *v.* ZIONS ET AL.
[No. 51, October Term, 1949.]

*Decided December 13, 1949.*

188

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Walter L. Green*, with whom were *Henry A. Babcock,
Bernard Margolius* and *Green, Whalin, Babcock & Bell*
on the brief, for the appellants.

*Nicholas Orem, Jr.*, with whom was *T. Howard Duckett*
on the brief, for the appellees.

GRASON, J., delivered the opinion of the Court.

This case is an appeal by the appellants from the order
of the chancellor overruling exceptions filed by them and
finally ratifying and confirming a foreclosure sale. The
appellees are trustees named in a deed of trust dated
the 6th day of June, 1946, executed by the appellants
to them. This deed of trust is a mortgage and contains
a power in the trustees to sell the property in the event
that default is made in its terms and conditions by the
grantors. Default occurred and the trustees instituted
the foreclosure proceeding in this case on December 30,
1948.

Anticipating a foreclosure, in August, 1948, the ap-
pellant Witt filed a bill in equity against Chapel Oaks
Development, Inc., Melvin A. Schlossberg and Fred
Schneider, individually and as President and Secretary of
Chapel Oaks Development, Inc., Louis Zions and LeRoy
Friedlander, Trustees (in the deed of trust), Bildman
Company and Thelma L. Taylor. That case is designated
No. A-1790 in the Circuit Court for Prince George's
County, in Equity. The record seems to indicate that the
bill in that case is grounded upon deceit, misrepresenta-
tion, and fraud concerning the structure of the buildings
on the premises, which were not apparent, by the agents
of the Chapel Oaks Development, Inc. The prayers of

the bill were for rescission of the deed from the Chapel Oaks Development, Inc. to Harry Witt, an injunction to restrain a foreclosure proceeding, and that restitution be made by the grantors in the deed to Witt.

Appellants concede that there was a breach of the terms of the deed of trust by them, but set up what might be termed matters in avoidance which rendered the deed from Chapel Oaks Development, Inc. to Witt void *ab initio*, and hence the deed of trust void.

Answers were filed in that case, denying the fraud charged in the bill. Apparently Witt filed a supplemental petition which involved matters which could be gone into upon a hearing of the exceptions to the ratification of a sale made at foreclosure. Case A-1790 was not set for trial until after the foreclosure proceeding was instituted.

At the argument there was considerable debate by the respective counsel as to what was decided in case A-1790, which was heard by Judge Gray. The present case was heard and decided by Judge Charles C. Marbury. The record in the first case is not in the appendix before us, —not even Judge Gray's opinion, and it is impossible for this court to determine what was decided in the former case. This court must decide cases on the record before it, and it cannot consider statements of counsel as to what occurred in the prior case. This is a matter so elementary that we need not cite cases on the point. We will confine ourselves to the record before us in this case, and disregard statements of counsel made to the chancellor concerning what was done in the former case. Counsel disagreed in their statements before the chancellor as to what was decided in the former case. The record in this case shows that the sale made by the appellees was reported to the court on the 19th day of January, 1949, and on that day a *nisi* order of court was passed. On January 21, 1949, the appellants filed exceptions to the ratification of the sale made and reported to the court by the appellees, and assigned ten reasons why the sale should be set aside. Nine of these reasons set up specific

matters and the tenth reason was general, namely: "for other good and sufficient reasons to be assigned at the hearing on these exceptions". All of the reasons were abandoned by appellants, except the tenth exception.

On March 11, 1949, appellants filed a motion to consolidate case A-1790 (which was heard by Judge Gray) with the case now before us. The exceptions were heard by Judge Marbury on March 12, 1949. The chancellor overruled this motion. This motion was addressed to the discretion of the chancellor, was an interlocutory matter from which no appeal lies, except for breach of discretion, which we do not find in this case. *Miller, Equity Procedure,* sec. 237. Appellants then moved to amend their exceptions to the sale so as to charge that the purchase of this property by the appellant Witt from Chapel Oaks Development, Inc. on June 6, 1946, was induced by fraud and was void *ab initio,* and the deed of trust was, therefore, void. The court overruled this motion.

The question in this case apparently is whether the appellants could set up fraud at the hearing of the exceptions to the ratification of the sale under the circumstances of this case. The appellants made a proffer setting up the fraud they expected to prove, and which they contend would render the deed void, which was overruled.

The exceptions to the ratification of the sale do not charge fraud in the obtention of the mortgage. Of course a mortgagor can show that his title should not pass under a mortgage foreclosed upon, if he establishes by clear, distinct and satisfactory evidence that the mortgage was obtained by fraud. *Albert v. Hamilton,* 76 Md. 304, 25 A. 341; *Miller, Equity Procedure,* sec 468; Code, 1939, Art. 66, sec. 10. Whether in such a proceeding fraud can be shown in the obtention of a deed upon which the mortgage rests we need not decide. In case designated as A-1790 fraud was alleged in the sale of the property by Chapel Oaks Development, Inc. to Harry Witt, one of the appellants in this case. The property covered by that conveyance is the same property foreclosed in this case. In Judge Marbury's opinion, which is in the record, he

says: "The Court declined to grant the motion to consolidate the two causes because after a hearing before Judge Gray an opinion was filed by him in Equity A-1790 in which he found that certain testimony considered at the time of hearing 'does not establish any fraud. In fact it tends to exonerate the defendants from any charge of fraud' ".

From this statement of Judge Gray's opinion, quoted by Judge Marbury, the apparent conclusion is that Judge Gray heard some testimony in case A-1790 concerning fraud alleged in the bill in that case. Certainly the appellant Witt had plenty of time to prepare his case in order to prove the fraud he charged, and if he failed to offer all of the testimony he could have offered in the case before Judge Gray, he cannot in another proceeding set up and prove the same charge of fraud which was heard and decided by Judge Gray. So it seems from the inadequate record before us.

Counsel for appellants contend that Judge Gray did not hear all of the evidence regarding fraud committed by Chapel Oaks Development, Inc. that induced appellant Witt to purchase the property, and that Judge Gray said that the matter of fraud would be still open at the hearing on exceptions to the ratification of sale in the mortgage foreclosure proceeding. Counsel for appellees contend that Witt, in proceeding A-1790, filed a supplemental petition and that Judge Gray said that the matters set up in that petition could be heard on exceptions to the ratification of sale in the mortgage foreclosure proceeding. We have here different statements of counsel of what was decided before Judge Gray, and a quotation by the chancellor of Judge Gray's opinion in which he said that the plaintiffs in proceeding A-1790 had failed to show fraud, and what the chancellor said Judge Gray found as a fact must take precedence over the contention of counsel.

"We must be controlled by the statement of fact as contained in the record and must take the record as it is presented. Judge Harlan, who passed the order in the

case below, makes use of this language: 'This matter coming up for a hearing of the question of dissolving the injunction order to be issued in this case,' etc. This statement must be considered by us as correct, and is therefore conclusive of the fact that the question of the dissolution of the injunction was heard by the Court below in the regular and proper mode. In the case of *Maryland Ice Company v. Artic Ice-Machine Mfg. Co.,* [80 Md. xviii, unreported case,] (30 A. 633), we said, that this Court has never consented in any case to allow the statement of counsel to prevail against the official declaration of a Judge in the discharge of his public duties, especially when these declarations constitute a material part of the record, or as in this case form a part of the very opinion of the Court below brought into this Court to be reviewed. *Fersner v. Bradley,* 87 Md. 488, 40 A. 58." *Wenzel v. Milbury,* 93 Md. 427, 49 A. 618, 619; *Warfield v. Ross,* 38 Md. 85, at page 89.

The same identical question of fraud, if any, finally decided by Judge Gray, should not be retried by the chancellor in the proceedings on the exceptions to the ratification of the sale.

The order must be affirmed, as the record shows no reversible error. However, since the record is wholly inadequate to enable us to determine just what was actually done by Judge Gray, our affirmance will be without prejudice to any proceedings which may be open in case A-1790.

*Order affirmed with costs.*